BYRD v. AMERICAN GUARANTEE AND
LIABILITY INS. CO.

No. 6002.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 12, 1950.

Decided Feb. 23, 1950.

Louis B. Fine, Norfolk, Va., for appellant.

Tazewell Taylor, Jr., Norfolk, Va. (I. W. Jacobs, Norfolk, Va., on brief) for appellee.

Before SOPER and DOBIE, Circuit Judges, and WARLICK, District Judge.

WARLICK, District Judge.

Plaintiff, appellant, brings this action to have her rights determined under the terms of an insurance policy issued by the defendant to one Hubert C. Williams and covering a 1941 Ford DeLuxe Coupe, Serial No. 1, Motor No. 18-6256250.

Elbert Lawson, the intestate of plaintiff, lost his life while riding on a truck belonging to the Norfolk Dredging Company when a collision came about between the truck on which he was riding and the Ford DeLuxe Coupe mentioned above and then driven by Horace P. Heath as its owner and who was then traveling alone in the early hours of December 6, 1946, Williams, the insured, in the policy of insurance was not present at the time of the accident and knew nothing about it for some days after it took place. Subsequent to the death of Elbert Lawson plaintiff qualified on his es-

tate and on January 3, 1947 instituted her action in the Court of Law and Chancery of the City of Norfolk, Virginia, against Horace Pugh Heath, Hubert C. Williams, Roy M. Denson and the Norfolk Dredging Company, a corporation, to recover for his death, and in due time, namely, on July 2, 1947, was awarded a verdict against the defendants, Horace P. Heath and Hubert C. Williams in the sum of $15,000, the other named defendants being exonerated by the jury in the trial of the cause. Neither Horace P. Heath nor Hubert C. Williams filed answer or made any contest to the said action on the part of the plaintiff herein, the judgment being taken in their absence and against them by default. The allegations of the complaint were to the effect that the automobile in collision with the truck on which the plaintiffs' intestate was riding was owned by the defendant Williams, and driven by Heath with the consent of Williams. The execution issued being returned unsatisfied.

On February 4, 1949, the present action was begun by notice given the defendant herein and motion filed thereunder in the Court of Law and Chancery in which the original action was heard and determined,—the motion being that the plaintiff, through her attorney, would move said court on February 21, 1949, or as soon thereafter as such could be heard, for judgment against the defendant for the sum of $10,000 with interest, costs, etc. Subsequently on account of the diversity of citizenship and on motion of the defendant the cause of action was removed to the United States District Court for the Eastern District of Virginia at Norfolk and on pleadings being joined came on for hearing in said court.

At the said hearing in the court below and for the purpose of the judgment entered in the said court, certain facts were found by the court with respect to the parties in issue. From these facts found it appears that one Aubery Clifton Heath purchased the 1941 Ford Deluxe Coupe from George Brately living in Lincoln Park in the City of Norfolk, and that the said Ford was registered in the State of Virginia on September 30, 1944 for con-

venience in the name of Hubert C. Williams, a brother-in-law of the said Aubery C. Heath, and that ownership continued as such in the name of Hubert C. Williams until November 9, 1946 when said automobile was disposed of by sale. On January 22, 1946, the defendant issued its policy of liability insurance No. SP-36017102 for a period of 12 months from said date, to the said Hubert C. Williams, R. F. D. No. 3, Box 78, Norfolk, Virginia covering the above described automobile and insuring him along with the other coverages not herein pertinent against bodily injury to the extent of $5,000.00 for each person injured and $10,000.00 for each accident, all as set out in item 3 coverage "A" of said policy, caused by accident and arising out of the *Ownership, maintainance and use* of the automobile, describing the car herein and being in terms a standard form of insurance policy in the Commonwealth of Virginia. This policy of insurance was in full force and effect on December 6, 1946.

Aubery C. Heath was drowned in North Carolina on October 15, 1946, and his widow, a sister of the said Hubert C. Williams, qualified as his personal representative. On November 9, 1946 the automobile involved in the collision, and as set out in the policy of insurance, was sold by the said Hubert C. Williams to Horace P. Heath for the sum of $900.00, all at the instance of Mrs. Aubery C. Heath, widow and personal representative, so as to enable her to settle the estate and was delivered to the said Horace P. Heath. On the same day the assignment of the title to Heath was made by Hubert C. Williams and was filed in the Norfolk office of the Division of Motor Vehicles of Virginia, and on said date a state license for the year 1946 for this automobile was issued to Horace P. Heath by the Motor Vehicle authority of Virginia, the license plate being No. 88-382. We find this to be a statutory requirement in the State of Virginia and the courts in speaking of this requirement hold it to be mandatory, in order to pass title to any automobile about to be transferred.

"In order to complete the sale on his part, it is essential that the seller conform to the statutory requirement by delivering to the buyer a present assignment of title. Until this was done the contract was executory. Thomas v. Mullins, 153 VA 383 [149 S.E. 494]." When done the contract becomes executed and the buyer thereupon becomes the owner of the automobile and the seller has no longer any interest therein.

In due time and under the assignment of title to Heath and his application for the insurance of state license, a new certificate of title for the said 1941 Ford Deluxe Coupe was issued by the Division of Motor Vehicles in Richmond, Virginia, on December 16, 1946 to Horace P. Heath.

On January 14, 1947 the defendant, American Guarantee and Liability Insurance Company, on learning of the alleged accident on December 6, 1946 cancelled the policy by giving notice to the said Hubert C. Williams of its cancellation in view of the fact that he had previously sold said automobile on November 9, 1946, and more particularly due to the fact that he was not at the issuance of the policy nor at any other time prior thereto the owner of said automobile within the terms of the policy of insurance and on January 20, 1947 the company returned to said Hubert C. Williams the full amount of the premium paid by him for the policy in the sum of $32.50 plus interest, a total of $34.45, and the said Hubert C. Williams accepted the said amount and receipted the defendant for it. On the trial below the cause was heard on the defendant's motion for Summary Judgment and on the motion being allowed and the action dismissed, it comes to us above stated on an appeal for determination.

From a careful reading of the whole of the record it appears without question that the policy of insurance issued by the defendant to Williams was never transferred or assigned to the defendant Heath and that no request was ever made of the defendant company to assign said policy and change the insured though the policy of insurance in Item 16 thereof provides: "As-

signment of interest under this policy shall not bind the company until its consent is endorsed thereon."

At the time of the alleged accident in which the intestate of the plaintiff lost his life the defendant had no notice of any kind of the sale and assignment of the title of the automobile by Williams to Heath.

None of the terms of the policy of insurance to which our attention is called run in any wise counter to the Statutes of Virginia so the rights of the respective parties to this action can and must be determined by the contract agreed upon by the defendant company and the insured. Since our concern is wholly with bodily injury and looking into the policy we find the obligation of the defendant company as set out therein to be as follows: "A. Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and *arising out of the ownership, maintenance or use of the automobile.*

The policy likewise embraces in Section III the definition of an insured: "The unqualified word 'insured' wherever used in coverages A and B and in other parts of this policy when applicable to such coverages, includes the named insured and, except where specifically stated to the contrary, also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured."

We therefore hold that the protection of the policy of insurance is entirely governed by ownership in the named insured of the automobile described in the policy. There is no insurance separate and distinct from the ownership of the car. The named insured was insured only as owner of the car mentioned, and the coverage of those using it with his permission was likewise restricted to the period of his ownership. This seems to be the clear intent and meaning of the holding as expressed in Clarke v. Harleysville Mutual Casualty Co., 4 Cir., 123 F.2d 499. The terms of the policy manifest no other intent and obviously when ownership ceased in the insured no use thereafter was by his consent.

As a further stipulation clause VIII of the policy provides: "This policy applies only to accidents * * * while the automobile * * * is owned, maintained and used for the purpose stated as applicable thereto in the declarations."

Since ownership is essential under the terms of the policy to the application of its indemnifying covenants and since Williams the insured after selling and delivering the automobile and the signing of the certificate of title to the purchaser as is required by the laws of the State of Virginia, thereby divested himself of all ownership in the automobile and this, too, approximately a month before the collision, it could not be said, that the defendant would be liable under circumstances such as the facts disclose. For at the time of the accident the automobile was solely that of the purchaser, Horace P. Heath. The policy of insurance, never having been assigned by an assignment consented to and endorsed on the policy by the defendant, was no longer a coverage to the automobile as owned by Heath and we hold it was therefore proper to grant the defendant's motion for a Summary Judgment.

This holding makes it unnecessary for us to pass upon the other point advanced by the defendant,—that is the false declaration of Williams as to the ownership of the automobile when the policy was contracted for and delivered to him,—and we thereupon make no decision of this question as presented.

Judgment affirmed.