## Richmond

NATIONWIDE MUTUAL INSURANCE COMPANY v. ROBERT DOUGLAS COLE, AN INFANT, SUING BY HIS FATHER AND NEXT FRIEND, RAYMOND COLE.

March 5, 1962.

Record No. 5357.

Present, All the Justices.

Case submitted on briefs.

*W. Carrington Thompson* and *C. L. Stancil*, for the plaintiff in error.

*Don P. Bagwell* and *Tuck, Bagwell & Dillard*, for the defendant in error.

EGGLESTON, C. J., delivered the opinion of the court.

Robert Douglas Cole, an infant, suing by Raymond Cole, his father and next friend, hereinafter called the plaintiff, filed an amended motion for judgment against Nationwide Mutual Insurance Company, hereinafter called the defendant, to recover the sum of $5,000, alleged to be due under the terms of an automobile liability policy. The motion alleged that on February 1, 1959, the plaintiff was injured in an automobile collision caused by the negligence of Benjamin Merritt Harris, the driver of one of the cars involved therein; that the plaintiff subsequently recovered a judgment of $15,000 against Harris for damages for his injuries; that at the time of the accident there was in full force and effect a policy issued by the defendant, insuring Harris's legal liability during the operation of the car in the sum of $5,000; and that under the terms of the policy the plaintiff was entitled to recover the latter amount of the defendant Insurance Company.

In its grounds of defense the Insurance Company denied liability to the plaintiff under the terms of the policy. While it admitted that on May 27, 1958, it had issued to Arthur Thomas Clark a policy covering the car involved in the accident, for the period of one year therefrom, it alleged that on January 6, 1959, Clark had sold and delivered the car to Harris, who was its sole owner at the time of the accident, and that there was no coverage under the policy for the operation of the car by Harris.

Based upon the defendant's admissions in its pleadings, its answers to certain interrogatories, and the evidence submitted in the form of depositions, the lower court granted the plaintiff's motion for a summary judgment in his favor for the amount claimed. We granted the defendant a writ of error. The sole question presented is whether, under the circumstances to be related, the policy issued by the de-

fendant Insurance Company covered the operation of the car by Harris at the time of the accident.

The pertinent facts are undisputed. In July, 1958, Benjamin Merritt Harris purchased a 1949 Chevrolet car, but because his permit to drive had been suspended he delivered possession of the car to his brother-in-law, Arthur Thomas Clark, who had the title thereto registered in his (Clark's) name. These parties lived near Roxboro, North Carolina.

Clark, who held an "assigned risk" policy[1] issued by the defendant Insurance Company on a 1939 Plymouth car, effective May 27, 1958, for a period of one year, asked that coverage thereunder be transferred to the 1949 Chevrolet. This was done by the company's agent at Raleigh, effective July 21. On the same day, pursuant to G.S. § 20-279.19 of the North Carolina "Motor Vehicle Safety and Financial Responsibility Act," hereinafter referred to as the Financial Responsibility Act, the Insurance Company filed with the North Carolina Department of Motor Vehicles a certificate showing that the 1949 Chevrolet was covered by the policy. Clark was the "Named Insured" in the policy which covered the legal liability of such "Named Insured," or any person using the car with his "permission," for damages for bodily injuries to a single person not in excess of $5,000, arising out of the use of the car.

In January, 1959, after the expiration of the suspension period of Harris's driving permit, he asked Clark to transfer the title to the car to him, Harris. Accordingly, on January 6, Clark executed the prescribed assignment transferring the title to the car to Harris who took possession of it. However, Harris did not forward this assignment of title to the Department of Motor Vehicles for registration. Nor did he apply to the defendant Insurance Company for a transfer of the coverage under the policy which had been issued to Clark. Instead, Harris applied to the company for a new policy in his own name covering the car, and this was issued effective on February 11, 1959.

In the meantime, on February 1, while Harris was operating the car in Halifax county, Virginia, he was involved in the accident in which the plaintiff, Cole, was injured and out of which the present action has arisen.

Both sides agree that since the policy here involved was written in the State of North Carolina, it must be interpreted according to the laws of that State.

The lower court held that the policy issued to Clark, effective

---

[1] G. S. § 20-279.34 of North Carolina

May 27, 1958, covered the operation of the car by Harris at the time of the accident, because, it said, the insurance thereunder, certified to the Motor Vehicle Department under G.S. § 20-279.19, had not been "terminated or cancelled in accordance with" the provisions of G.S. § 20-279.22 of the Financial Responsibility Act of 1953, copied in the margin.[2]

We do not agree with that holding. The problem here is one of *coverage* and not of *cancellation.* There is no contention that the policy had been cancelled. The question is whether the *coverage* afforded by the policy to Clark was extended and transferred to Harris along with the transfer of the ownership of the car.

■ The plaintiff argues that because of the spirit and purpose of the Financial Responsibility Act to afford better protection to the public against irresponsible and reckless drivers, it was the legislative intent that upon change of ownership of a motor vehicle the insurance coverage thereon under an owner's policy should "follow the car." We are cited to no provision in the Act to support this contention, nor do we perceive any.

G.S. § 20-279.21 of the Financial Responsibility Act requires that an owner's motor vehicle policy of liability insurance contain what is commonly called an omnibus coverage clause. The policy here complied with that requirement.

As has been said, pursuant to G.S. § 20-279.19, the defendant filed with the North Carolina Motor Vehicle Department a certificate showing that this liability policy had been issued to Clark covering the operation of the car involved in the accident. But we find in the Act no requirement that the insurance company must see that coverage under an owner's policy issued by it follows the car with change of ownership. On the contrary, the Act places this burden on the owner. G.S. § 20-309 requires "the owner" of a registered motor vehicle to show and maintain proof of financial responsibility continuously throughout the period of registration. G.S. § 20-313 prohibits "any owner" from operating a motor vehicle without having in force the "financial responsibility" required by the Act.

---

2 "§ 20-279.22. *Notice of cancellation or termination of certified policies.* When an insurance carrier has certified a motor vehicle liability policy under § 20-279.19 or a policy under § 20-279.20, the insurance so certified shall not be cancelled or terminated until at least twenty (20) days after a notice of cancellation or termination of the insurance so certified shall be filed in the office of the Commissioner, except that such a policy subsequently procured and certified shall, on the effective date of its certification, terminate the insurance previously certified with respect to any motor vehicle designated in both certificates."

In the absence of any provision in the Financial Responsibility Act broadening the liability of the insurer, such liability must be measured by the terms of its policy as written. See *Howell* v. *Travelers Indemnity Co.*, 237 N. C. 227, 74 S. E. 2d 610, 612; *Adkins* v. *Inland Mutual Insurance Co.*, 124 W. Va. 388, 20 S. E. 2d 471, 472.

▮ Our inquiry, then, is narrowed to whether the operation of the car by Harris is within the coverage of the policy. Specifically, the question is whether such operation is within the omnibus coverage clause. Under the terms of the policy and consistent with the requirements of G.S. § 20-279.21, it afforded protection to the "Named Insured" and also "any person while using the automobile * * *, provided the actual use * * * is by the Named Insured," or his spouse, "or with the *permission* of either." (Emphasis added.)

While we have found no decision of the Supreme Court of North Carolina dealing with the particular point, the controlling principles are well defined in other jurisdictions. It is well settled that "permission" to drive a car, within the meaning of the omnibus coverage clause, connotes the power to grant or withhold it. Therefore, in order for one's use and operation of an automobile to be within the meaning of the omnibus coverage clause requiring the permission of the named insured, the latter must, as a general rule, own the insured vehicle or have such an interest in it that he is entitled to the possession and control of the vehicle and in a position to give such permission. If the named insured has sold the vehicle, its subsequent use by the buyer is by virtue of the latter's ownership and his right to control it and not by virtue of the permission of the named insured seller. 5A Am. Jur., Automobile Insurance, § 95, p. 94; 5 Am. Jur., Automobiles, § 535, p. 806; Annotation, 36 A. L. R. 2d 678; 45 C. J. S., Insurance, § 829(b), pp. 900, 901, and cases there cited; 7 Appleman's Insurance Law and Practice § 4358, pp. 264, 265; *Virginia Auto Mutual Insurance Co.* v. *Brillhart*, 187 Va. 336, 342, 343, 46 S. E. 2d 377, 380; *Farm Bureau Mutual Insurance Co.* v. *Emmons*, 122 Ind. App. 440, 104 N. E. 2d 413, 415; *Haynes* v. *Linder*, Mo. App., 323 S. W. 2d 505, 510; *Byrd* v. *American Guarantee & Liability Ins. Co.* (D.C. E.D.Va.), 89 F. Supp. 158, 159, 160 (affirmed, 4 Cir. 180 F. 2d 246).

As is said in *Byrd* v. *American Guarantee & Liability Ins. Co.*, *supra*, 180 F. 2d 249, "There is no insurance separate and distinct from the ownership of the car." This is so because an owner's motor vehicle liability policy is a contract between the insurance company and the owner.

Applying these principles to the case before us, when Clark, the named insured, transferred the ownership and delivered possession of the car to Harris, its subsequent use and operation by Harris at the time of the accident was not with the permission of the named insured, Clark, within the meaning of the omnibus coverage provision.

Since we find in the record no legal basis for the holding that the policy covered the use of the car by Harris at the time of the accident, the judgment under review will be reversed and final judgment here entered in favor of the defendant Insurance Company.

*Reversed and final judgment.*