NATIONWIDE MUTUAL INSURANCE COMPANY AND TUX BOWERS MOTOR COMPANY, INC. v. FIREMAN'S FUND INSURANCE COMPANY; TERRY EUGENE CARSON; DOWNIE WOODROW CARSON; CHARLES P. MICHAELS, ADMINISTRATOR OF THE ESTATE OF GERALD D. MICHAELS; BIS RAY LEWIS; BARBARA ANN LEWIS; HOMER EPLEY; LENDY JAMES EPLEY; OLIVER DODSON McKINNEY; CLARA McKINNEY; ST. PAUL FIRE & MARINE INSURANCE COMPANY; MARYLAND CASUALTY COMPANY; AND NATIONAL GRANGE MUTUAL INSURANCE COMPANY

No. 7025SC429

(Filed 5 August 1970)

Insurance § 87— liability insurance — automobile owned and controlled by minor — title and insurance in father's name — operation by minor — non-coverage under omnibus clause

　　Although title to an automobile purchased by a minor was regis-tered in the name of the minor's father, and the automobile was added

as an insured vehicle under a liability policy previously issued to the father as named insured, operation of the automobile by the minor did not come within the terms of the omnibus clause of the policy providing coverage for any person using the automobile with permission of the named insured, where the minor actually owned the automobile and the father, the named insured, had no possession or control nor the right to possession or control of the automobile.

BROCK, J., dissents.

ON *certiorari* to review judgment of *Ervin, J.,* November 1969 Session of BURKE County Superior Court.

Plaintiffs instituted this action under the Uniform Declaratory Judgment Act, G.S. 1-253, *et seq.,* seeking a determination as to whether a garage liability insurance policy issued by Nationwide Mutual Insurance Company (Nationwide) to Tux Bowers Motor Company, Inc. (Bowers) provided insurance coverage to the operator of a 1961 Oldsmobile automobile owned by Bowers and involved in a collision on 25 October 1966. Judgment was entered declaring that coverage was provided by the Nationwide policy. Plaintiffs gave notice of appeal and *certiorari* was allowed, 13 April 1970, permitting them to perfect their appeal late.

*Patton, Starnes & Thompson by Thomas M. Starnes for plaintiff appellants.*

*Uzzell and DuMont by Harry DuMont for defendant appellee Fireman's Fund Insurance Company.*

*Mitchell & Teele by H. Dockery Teele, Jr., for defendant appellee St. Paul Fire & Marine Insurance Company.*

*Byrd, Byrd & Ervin by Robert B. Byrd for defendant appellee Charles P. Michaels, Administrator of the Estate of Gerald D. Michaels.*

*Roy Walton Davis for defendant appellees Barbara Ann and Bis Ray Lewis.*

GRAHAM, J.

The Nationwide garage liability policy in question provides insurance coverage for any person using an automobile insured under the policy, ". . . but only if no other valid and collectible automobile liability insurance . . . is available to such person;

. . ." The sole question presented on this appeal is whether the court correctly determined, as a matter of law, that no other insurance was available to the operator of the 1961 Oldsmobile automobile owned by Bowers and insured under the Nationwide policy at the time of the collision.

The essential facts are as follows: Terry Eugene Carson (Terry) purchased a 1965 Oldsmobile automobile from Bowers, and because he was a minor, title was registered in the name of his father (Mr. Carson). By endorsement the automobile was added as an insured vehicle under a policy of liability insurance previously issued to Mr. Carson, as named insured, by Fireman's Fund Insurance Company (Fireman's Fund). Subsequently, Terry returned the automobile to Bowers because of defective paint. Bowers agreed to have the vehicle repainted and furnished Terry with a 1961 Oldsmobile to use while this was being done. While driving the 1961 Oldsmobile on 25 October 1966, Terry was involved in the collision that gives rise to this action.

Plaintiffs argue that valid and collectible insurance is available to Terry under the Fireman's Fund policy, contending that the 1961 Oldsmobile was a "temporary substitute automobile," and that it was being operated by Terry with the permission of his father, the named insured, within the meaning of the policy's omnibus provisions.

We are unable to distinguish this case from that of *Underwood v. Liability Co.*, 258 N.C. 211, 128 S.E. 2d 577. There, Mrs. Chaffin registered in her name title to an automobile purchased for the sole use of her minor son, Jerry. She obtained liability insurance in her name as owner, stating in her application that the automobile would be operated at all times by her minor son. Mrs. Chaffin thereafter moved from North Carolina. Her son remained here, residing with a Mrs. Underwood. Title to the automobile was transferred to Mrs. Underwood but no transfer of the insurance was effected. The automobile was thereafter involved in an accident while being operated by Jerry. The Supreme Court held that no coverage existed because the insurance did not automatically follow the transfer of title, and also because Mrs. Chaffin, even though the named insured, could not have given her son the required permission to operate the automobile since the son, and not Mrs. Chaffin, had the right to its possession and control. The following language in the opinion is particularly pertinent:

"It is not clear what significance the trial court placed upon its finding that Jerry Wayne Otwell was the beneficial owner of the automobile. If the import is that he was the owner and had right of possession and control, there was most certainly no coverage. The insurance contract was with Mrs. Chaffin and the policy covered the named insured, Mrs. Chaffin, and any other person while using the automobile, provided the actual use was with the *permission* of Mrs. Chaffin. In order to grant permission, as the word 'permission' is used in the policy, there must be such ownership or control of the automobile as to confer the *legal* right to give or withhold assent. It is something apart from a general state of mind. If Jerry actually owned the automobile and had the right to possession and control, or if Mrs. Chaffin parted with the title (and it is undisputed that she assigned to Mrs. Underwood on 9 June 1958 such title as she had) then, in either event, the operation of the car by Jerry on 4 August 1958 was not with the permission of Mrs. Chaffin within the purview of the omnibus clause of the policy. Insurer had no contract with or responsibility to or for Jerry apart from the ownership of the vehicle by Mrs. Chaffin. *Adkins v. Inland Mut. Ins. Co., supra; United States Casualty Co. v. Bain,* 62 S.E. 2d 814 (Va. 1951); *Mason v. Allstate Insurance Co.,* 209 N.Y.S. 2d 104 (1960); *Byrd v. American Guarantee and Liability Ins. Co.,* 180 F. 2d 246 (4 Cir. 1960).

Defendant insurer's defense of non-coverage is clearly sustained by the undisputed facts on this record. As to insurer the judgment below is reversed."

The Fireman's Fund policy, as required by statute, contains an omnibus clause identical to that of the policy involved in *Underwood.* It states in pertinent part: "With respect to the insurance for bodily injury liability . . . the unqualified word 'insured' includes the named insured [Mr. Carson] . . . and also includes any person while using the automobile . . . provided the actual use of the automobile is by the named insured . . . or with the permission of the [named insured]." The insurer here, as in *Underwood,* had no contract with or responsibility to Terry as beneficial owner of the insured vehicle, apart from the ownership of the vehicle by his parent. The undisputed facts conclusively establish that Terry actually owned the automobile and had the right to its possession and control. All of the acts

Insurance Co. v. Insurance Co.

taken by Mr. Carson with respect to the automobile were for the sole purpose of accommodating his minor son. Mr. Carson testified:

> "The 1965 car was Terry's car. It was his car to use whenever, however, and wherever he wanted to use it. . . . I did not exercise any control over the 1965 Oldsmobile. . . . I did not know anything about the paint job on the 1965 Oldsmobile and did not have anything to do with taking the car back to get a new paint job. . . . I did not, at any time, have any possession or control of the 1961 Oldsmobile. I did not have anything to do with obtaining the 1961 Oldsmobile from Tux Bowers. . . . That was entered into privately by Terry and he was the one doing it."

Applying the clear and unambiguous language of the *Underwood* opinion, we must conclude, as did the trial court, that Terry was not operating the 1961 Oldsmobile with the permission of the named insured, Mr. Carson, for the reason that Mr. Carson had no possession or control nor the right of possession or control over its use and operation. Hence, the Fireman's Fund policy affords no coverage and the judgment must be affirmed.

Plaintiffs' brief reflects an awareness of the significance of the *Underwood* decision with respect to the facts of this case, but they contend that "fresh consideration should be given to the issue." The reasons they advance for urging this are indeed persuasive. However, it is not the prerogative of this court to do other than follow strictly what we interpret the meaning of the *Underwood* decision to be.

Affirmed.

MORRIS, J., concurs.

BROCK, J., dissents.