## CIRCUIT COURT OF THE CITY OF RICHMOND

Selected Risks Insurance Co.

v.

Aetna Casualty & Surety Co. et al.

November 18, 1974

Case No. D-5849

By JUDGE ALEX H. SANDS, JR.

This case is before the court upon plaintiff's petition for declaratory judgment. The matter as to which declaratory judgment is sought arises out of an automobile accident occurring on June 8, 1972, between a vehicle owned and operated at the time by Sandra L. Price, and an automobile operated by Ira Seabron. Seabron was injured and instituted an action in the Circuit Court of Henrico County. The Seabron vehicle was at the time insured by Selected Risks Insurance Company. Whether or not Aetna Casualty and Surety Company covered Sandra L. Price at the time is the issue before the court.

Extensive depositions have been taken in the case from which, together with the exhibits, the following facts, as to which, indeed, there is little dispute, are established to the satisfaction of the court.

James and Sandra Price were married on February 20, 1970. At the time of the marriage, Sandra was the record owner of a 1969 Ford Torino which she had purchased some while before the marriage. James Price, at the time of the marriage, also owned a vehicle which was insured, through DeJarnette & Paul, by Aetna. Shortly after the marriage, James Price requested DeJarnette & Paul to include his wife Sandra's 1969 Torino under his policy, which was done, covering binder being issued by DeJarnette & Paul on March 2, 1970. Through error James Price was

never billed for any additional premium, a fact which he recognized but which he felt under no obligation to bring to the company's attention.

The Prices separated in August 1970, Sandra taking her 1969 Torino car with her, from which time on she and James occupied separate residences. Their divorce became final in August, 1971.

On June 8, 1972, the collision here involved occurred and was promptly reported to DeJarnette & Paul by Sandra Price and James Price, and an SR-21 was filed by Aetna with DMV. On June 13, when an adjuster for Aetna called James Price's home and attempted to make an appointment with Sandra Price, James Price stated that "his wife" was asleep, not feeling good, but that he would have her call later. She did so and the adjuster then met at James Price's home with both James and Sandra and proceeded to investigate the loss.

In the meanwhile the same adjuster settled a claim for a bicycle damaged by Sandra Price at the time of the accident. James Price had before, during and after his marriage to Sandra Price, helped her with payments on the car and with the repairs thereon following the accident. Upon discovering that the Prices were divorced and living apart at the time of the accident, Aetna denied coverage, withdrew its SR-21, and made an unsuccessful attempt to recover its payment on the bicycle claim.

Action having been instituted by Ira Seabron against Sandra Price, Selected Risks called upon Aetna to defend, and upon Aetna's denial of coverage on Sandra Price and after notice to Aetna, Selected Risks settled the claim with Seabron for $23,000.

The single issue involved is quite narrow in scope: Did Aetna's policy insuring James Price with endorsement issued covering the 1969 Torino cover Sandra Price at the time of the accident?

To establish coverage, Sandra Price must qualify either as a "named insured" under the policy, or if not a "named insured" as an "other person using such automobile with the permission of the named insured."

Plaintiff readily concedes (Reply Memorandum, page 1) that she does *not* qualify as a "named insured." The sole remaining question is whether under the above factual findings Sandra Price qualifies as a person other than a named insured "using such automobile with the permission of the named insured."

It would appear to be well settled in this jurisdiction that in order to grant "permission" for the use of a vehicle, the grantor must either own the vehicle or, at the very least, have possession and control of the vehicle. See *Woodson* v. *Celina Mut. Ins. Co.*, 211 Va. 423 (1970), approving such holding in *Nationwide Ins. Co.* v. *Cole*, 203 Va. 337 (1962).

A factual situation similar to the case at hand was presented in *Agee* v. *Travelers Indemnity Co.*, 396 F.2d 57 (10th Cir. 1968). Here Bennie and Louise Agee were husband and wife, and a car owned by Bennie was insured in Travelers. Bennie deserted Louise, taking the children and moving to a different address. A divorce decree was entered in which the ownership of the car was changed from Bennie to Louise. Following an accident in which one Sullivan was driving with Louise's permission, the court, upon the issue of coverage, held that even though separated, so long as Bennie owned the car, her driving would be with his permission but that once the ownership of the vehicle had changed, in that case by court decree, she would no longer be driving with Bennie's permission, the court saying:

> When Bennie moved out of the family home with the children and established another household, she was no longer a named insured but was covered because she was driving an "owned automobile" within the policy terms with the consent of Bennie. This situation changed with the divorce decree which awarded the Buick to Louise. *Bennie was no longer in a situation to grant permission for the use of the Buick and did not grant any permission* to Sullivan.

It is, accordingly, held that as Sandra was the record owner of the car, was divorced from James and residing elsewhere at the time of the accident, she could not be considered as operating the vehicle with James's permission at the time of the accident.

Selected Risks, however, contends that by filing an SR-21 with DMV and paying the bicycle claim, Aetna has waived any right it might otherwise have had to rely upon noncoverage. The ready answer to this contention is that the adjuster was acting upon the assumption that the parties were married at the time, an assumption in

all probability based upon the false statements given him by Sandra and by James at the time of his telephone conversation and interview. It would, in light of Austin's deposition, be difficult to believe that the fact of divorce was not intentionally concealed from Austin by both Sandra and James.

For the above reasons, it is held that Aetna's coverage did not extend to Sandra Price at the time of the accident in question.