114

## CIRCUIT COURT OF PRINCE WILLIAM COUNTY

Brett P. Rolander

 v.

Luxury Auto Sales
of Dumfries

September 17, 2008

Case No. CL8295

BY JUDGE ROSSIE D. ALSTON, JR.

This matter came before the Circuit Court on September 3, 2008, on appeal from the General District Court of Prince William County. The underlying facts are stipulated. The issue in the case is whether, based upon the facts as agreed, § 46.2-1542 of the Virginia Code allows the Plaintiff herein to return the vehicle he purchased from the Defendant. The Court took the matter under advisement and allowed the parties to submit briefs in support of their respective positions.

*Facts*

On October 4, 2007, Brett Rolander agreed to purchase a 2003 Dodge Durango from Luxury Auto Sales of Dumfries ("Luxury"). That day, Mr. Rolander tendered a check to Luxury as payment in full and took possession of the vehicle. Luxury provided Mr. Rolander with temporary license plates and certificates for temporary registration pursuant to § 46.2-1542 of the Code of Virginia. It was the understanding of the parties that, once the check cleared, Mr. Rolander would return to the dealership to retrieve the title. In the thirty days following the transfer of the vehicle and the temporary license plates and registration, Mr. Rolander did not return to the dealership to obtain the endorsed certificate of title, nor did he make arrangements for delivery of the title.

It is undisputed that Mr. Rolander called Luxury on October 27, 2007, but made no arrangements for the delivery of the title during that telephone conversation. On November 5, 2007, the temporary license plates and certificates for temporary registration expired. On November 6 and November 15, 2007, Mr. Rolander again telephoned Luxury. The owner of Luxury suggested that Mr. Rolander come to the dealership to pick up, the certificate of title. Mr. Rolander never did so. Mr. Rolander was out of town for some period of time prior to November 5, 2007, and his travel impacted his ability to pick up the certificate of title.

On November 16, 2007, the vehicle was impounded due to the expired temporary license plates and temporary registration. Mr. Rolander telephoned Luxury to complain about the impoundment, alleging that it was Luxury's fault. At that instance, Mr. Rolander still elected to complete the tag and title work personally. The following day, November 17, 2007, the owner of Luxury mailed an unsigned certificate of title to Mr. Rolander.

On the morning of November 20, 2007, Mr. Rolander attempted to obtain the license plate and registration for the vehicle at the Department of Motor Vehicles. The application was denied because the dealer had failed to sign the certificate of title. On the evening of November 20, 2007, Mr. Rolander asked Luxury to sign the certificate of title and provide a second temporary certificate of registration. Luxury signed the certificate of title, but did not provide an extension of the registration because, under the Virginia Code, § 46.2-1542(C), a dealer may not provide a second temporary certificate of registration if the dealer has possession of the certificate of title. Luxury sent the certificate of title to Mr. Rolander via Federal Express.

On November 21, 2007, Mr. Rolander sent by certified mail the certificate of title and a letter stating that he was returning the vehicle pursuant to the Virginia Motor Vehicle Code. Mr. Rolander provided the location of the vehicle and the contact information for the towing company that had impounded the vehicle in his letter. On November 30, 2007, Ms. Turkessa B. Rollins, Esq.,[1] sent a letter to Luxury stating that Mr. Rolander was invoking his right to return the vehicle and obtain a full refund pursuant to § 46.2-1542(B) of the Virginia Code. At this time, Mr. Rolander still maintains possession of the vehicle.

On February 25, 2008, Mr. Rolander filed a Warrant in Debt in the General District Court, in which he demanded $14,742.33 plus interest. The General District Court found in favor of Luxury. Mr. Rolander appealed the decision to the Circuit Court.

---

[1] Ms. Rollins did not represent Mr. Rolander at trial in the General District Court.

*Analysis*

Virginia Code § 46.2-631 states that, when a dealer sells a motor vehicle, the dealer is not:

> required to register it nor forward the certificate of title to the Department, as provided in § 46.2-630, but the transferee, on transferring his title or interest to another person, shall notify the Department of the transfer and shall endorse and acknowledge an assignment and warranty of title on the certificate and deliver it to the person to whom the transfer is made.

However, § 46.2-1542(B) of the Virginia Code states:

> In the event that the dealer fails to produce the old certificate of title . . . thereby preventing delivery to the Department or purchaser before the expiration of the temporary certificate of registration, the purchaser's temporary rights may terminate and the purchaser shall have the right to return the vehicle to the dealer and obtain a full refund of all payments made toward the purchase of the vehicle, provided the purchaser provides notice to the dealer of a decision to return the vehicle before issuance of a title for the vehicle by the Department. . . .

There is no case in Virginia "on all fours" with the instant case, but the Supreme Court of Virginia has previously held that, for the sale of an automobile to be complete, the seller must "conform to the statutory requirement by delivery to the purchaser a proper assignment of title." *Nationwide Ins. Co. v. Storm*, 200 Va. 526, 528, 106 S.E.2d 588 (1959). The Fourth Circuit Court of Appeals also provides guidance. In the context of liability coverage, the Fourth Circuit interpreted Virginia law and held that "an affirmative agreement to postpone compliance with § 46.1-90 [2] has been held to require a conclusion that the agreement was executory." *Wicker v. Nat'l Sur. Corp.*, 330 F.2d 1009, 1011 (4th Cir. 1964). The court went on to state:

---

[2] Section 46.1-90 of the Virginia Code was repealed October 1, 1989. Section 46.2-631 of the Virginia Code is analogous to the former statute.

> it is clear that, if the seller delivers the title certificate to the purchaser, the assignment on the back of the certificate having been properly executed, the seller has divested himself of all interest in the vehicle whether or not the purchaser thereafter complies with his statutory duty of filing the assigned certificate with the Division of Motor Vehicles.

*Wicker*, 330 F.2d at 1012 (*citing Nationwide Mut. Ins. Co. v. Cole*, 203 Va. 337, 124 S.E.2d 203 (1962)).

In *Nationwide Ins. Co. v. Storm*, 200 Va. 526 (1959), the Supreme Court of Virginia held that, when the parties agreed to delay the transfer of the assigned title, the agreement for the sale of the vehicle was executory. 330 F.2d at 1011. In *Wicker*, Commonwealth Ford, an automobile dealer, possessed the duly assigned certificate of title of a used station wagon. The Plaintiff therein, Mr. Joseph White, decided to purchase the station wagon on December 20, 1961. He paid half of the balance on the vehicle, executed a conditional sales contract securing the balance of the purchase, and took possession of the station wagon. *Id.* at 1010. The same day, the application for temporary registration was completely filled out, but the conditional sales contract and the application for title were signed in blank. The parties in *Wicker* agreed that the automobile dealer would complete the papers and deliver them to the Division of Motor Vehicles (now the Department of Motor Vehicles). *Id.*

At the time the transaction was closed, "the title certificate to the station wagon had not been reassigned by Commonwealth Ford and was not delivered to White. It was understood that the title certificate to the station wagon would be reassigned the next day when the other papers were completed" and that Commonwealth Ford would deliver the papers to the Division of Motor Vehicles. *Id.*

On December 21, the dealer reassigned to White the certificate of title to the station wagon. On December 22, the Division of Motor Vehicles closed for the Christmas holidays, and did not reopen until December 27. On December 27, the dealer delivered by messenger all the necessary papers. *Id.* at 1010-11.

On December 24, the station wagon was involved in a car accident, in which Wicker was injured. *Id.* at 1011. For the purpose of determining liability for the accident, the Supreme Court of Virginia determined that assignment and delivery of the title certificate are crucial, but filing the documents with the Division of Motor Vehicles was not. *Id.* at 1012. The court found that the assignment of the title had been properly and completely

executed at the time of the accident, and that the dealership was acting as the purchaser's agent when they retained the documents for purposes of filing them with the Division of Motor Vehicles. *Id.* at 1013.

In dicta, the Supreme Court of Virginia pointed out that there was a mutual understanding between the parties that Mr. White was the owner of the car at the time that the accident occurred. *Id.* "What doubts might be derived from Virginia's statute were resolved in accordance with the intention and understanding of the parties when the seller held the properly assigned title certificate for the sole purpose of filing it and had an unequivocal duty, as the buyer's agent, to do that." *Id.*

While the facts of the instant case are distinguishable from *Wicker*, *Wicker* is instructive. Similar to *Wicker*, the purchase of the vehicle by Mr. Rolander was executory on October 4, 2007, and was not executed until Luxury signed the certificate of title on November 20, 2007. Although there was a delay of over a month in the assignment of the certificate of title, the determination of whether Mr. Rolander is permitted by statute to rescind the sale does not turn on the date the title was signed. By the parties' agreement, Luxury was to provide Mr. Rolander the assigned certificate of title at Mr. Rolander's leisure. By agreement, Mr. Rolander assumed the responsibility of complying with the registration statute; as such, it was his responsibility to either pick up the certificate of title or ask Luxury to mail it to him.

Section 46.2-1542(B) of the Code of Virginia gives a purchaser the right to return a vehicle to the dealer when the dealer "*fails to produce* the old certificate of title" (emphasis added) prior to the expiration of the temporary certificate of registration. The evidence shows that Luxury had possession of the title, and therefore would have been able to *produce* it for Mr. Rolander prior to November 5, 2007, had Mr. Rolander arranged for the transfer either at the dealership or by mail.

When Mr. Rolander returned the title to the dealership on November 20, 2007, he requested that the dealership both assign the title and provide him with a second temporary certificate of registration. On November 20, he did not "provide notice to the dealer of a decision to return the vehicle," pursuant to § 46.2-1542(B) of the Code of Virginia. On November 20, 2007, Luxury assigned the title, and at that point, Luxury divested itself of all interest in the vehicle. *Wicker*, 330 F.2d at 1012. Thereafter, it was Mr. Rolander's responsibility to file the assigned certificate with the Department of Motor Vehicles. *Id.*

On November 20, 2007, when the certificate of title was finally assigned, there was no question among the parties as to the ownership of the automobile. Mr. Rolander only attempted to rescind the sale after Luxury

refused to provide a second temporary certificate of registration, which would have facilitated the recovery of the vehicle from the impoundment.

## Conclusion

For the foregoing reasons, the Court finds that Luxury did not violate § 46.2-1542(B) of the Virginia Code and denies Mr. Rolander's request to rescind the sales contract.

The Court also denies Luxury's request for sanctions.