**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-2130**

SELECTIVE WAY INSURANCE COMPANY,

        Plaintiff – Appellant,

    v.

ROSEANNE BROWNING APPLE; EARL EUGENE HOAR; BUILDING
INDUSTRIES, INC.; PROGRESSIVE GULF INSURANCE COMPANY,

        Defendants - Appellees.

Appeal from the United States District Court for the Western
District of Virginia, at Charlottesville.  Norman K. Moon,
Senior District Judge.  (3:13-cv-00042-NKM-RSB)

Submitted:  September 23, 2016      Decided:  October 6, 2016

Before MOTZ, TRAXLER, and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Melissa W. Robinson, Johneal M. White, GLENN ROBINSON & CATHEY,
Roanoke, Virginia, for Appellant. Jason W. Konvicka, ALLEN,
ALLEN, ALLEN & ALLEN, Richmond, Virginia; John J. Rasmussen,
INSURANCE RECOVERY LAW, Richmond, Virginia; Marc A. Peritz,
MORIN & BARKLEY, LLP, Charlottesville, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Selective Way Insurance Company ("Selective") appeals from the district court's order granting judgment in favor of the Appellees on Selective's complaint for a declaratory judgment that it has no duty to indemnify Appellee Roseanne Browning Apple against liability for an accident she caused while driving her automobile. For the reasons that follow, we vacate the district court's order.

Selective issued a general commercial liability and business automobile insurance policy to Building Industries, Inc. ("BI"), a corporation owned by Apple's husband and son. The vehicle Apple was driving on the day of the accident was listed in that policy as a covered automobile. However, BI did not own that vehicle; it was titled in the names of Apple and her husband. The day of the accident, Apple was driving her husband home from the hospital following a surgery he had when she struck Appellee Earl Eugene Hoar, causing injury.

Selective filed a complaint for a declaratory judgment that it had no duty to indemnify Apple for the accident because she was not an insured under the policy. The Appellees filed counterclaims for a declaratory judgment and for other relief. After disposing of the parties' pretrial motions, the court held a bench trial and subsequently entered judgment in favor of the Appellees. The court concluded that while Apple was not

2

entitled to coverage under the terms of the policy, Selective was obligated to provide coverage by virtue of application of Virginia's omnibus clause, Va. Code Ann. § 38.2-2204(A), because Apple was a permissive user, having implicit permission from BI to operate the vehicle.

"[W]e review judgments resulting from a bench trial under a mixed standard of review: factual findings may be reversed only if clearly erroneous, while conclusions of law are examined de novo." Raleigh Wake Citizens Ass'n v. Wake Cty. Bd. of Elections, 827 F.3d 333, 340 (4th Cir. 2016) (internal quotation marks omitted). Virginia's omnibus clause provides that automobile insurance policies issued in the state on vehicles used in the state must contain a provision insuring the named insured and any person using the vehicle with the expressed or implied consent of the named insured against liability for damages resulting from negligence in the operation of the vehicle. Va. Code Ann. § 38.2-2204(A). "[T]he omnibus clause[] is a remedial statute enacted to serve the public policy of broadening the coverage of automobile liability insurance for the protection of the injured persons." Gov't Emp. Ins. Co. v. United Serv. Auto. Ass'n, 708 S.E.2d 877, 883 (Va. 2011). Generally, whether a driver of a vehicle comes within the coverage of the omnibus clause depends on the particular facts of the case. Id.

Here, the district court concluded that Apple was a permissive user of the vehicle because BI implicitly consented to her use of the vehicle for personal reasons. Virginia courts have held that pursuant to the omnibus clause, a person using a motor vehicle must do so with the consent of the named insured and that "a named insured generally cannot give permission to use a vehicle that the named insured does not own." Stone v. Liberty Mut. Ins. Co., 478 S.E.2d 883, 886 (Va. 1996).

> Therefore, in order for one's use and operation of an automobile to be within the meaning of the omnibus coverage clause requiring the permission of the named insured, the latter must, as a general rule, own the insured vehicle or have such an interest in it that he is entitled to the possession and control of the vehicle and in a position to give such permission.

Id. (quoting Nationwide Mut. Ins. Co. v. Cole, 124 S.E.2d 203, 206 (Va. 1962)).

The district court determined that BI had the right to grant permission to Apple to use the vehicle because the company provided the funds to pay for the vehicle, paid the premiums for the commercial insurance, paid for the maintenance of the vehicle, and would suffer pecuniary loss if the vehicle were destroyed. However, under Virginia law, for an entity to have an interest that entitles it to possession and control of a vehicle, that entity's "relation to or control over the car must be such that [it] has a right to give or withhold the permission or consent to use it." Va. Auto. Mut. Ins. Co. v. Brillhart, 46

4

S.E.2d 377, 380 (Va. 1948); see also Cole, 124 S.E.2d at 206 ("It is well settled that 'permission' to drive a car, within the meaning of the omnibus coverage clause, connotes the power to grant or withhold it."). In addition, the owner of a vehicle does not operate a vehicle pursuant to permission from any other party, but rather by virtue of his or her ownership of the vehicle. See Brillhart, 46 S.E.2d at 380 ("use of [a] car [by an owner is] by virtue of his ownership of it and his right to control it, and not by virtue of the grant of any permission to him by" another).

It is clear, therefore, that because Apple owned the vehicle, see Hall, Inc. v. Empire Fire & Marine Ins. Co., 448 S.E.2d 633, 635 (Va. 1994) ("The owner of an automobile is the party who has legal title to it."), she was not a permissive user as contemplated by the omnibus clause. As Apple had the right to operate the vehicle by virtue of her ownership thereof, BI could not have granted or denied Apple the right to use the vehicle for her personal use.

Accordingly, we vacate the judgment of the district court and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

5

before this court and argument would not aid in the decisional process.

VACATED AND REMANDED