# WEICHERT COMPANY OF VIRGINIA, INC.

### v.

# FIRST COMMERCIAL BANK

Record No. 921354

June 11, 1993

Present: All the Justices

*James C. Rubinger (John H. Steitz, II; Brownstein, Ziedman and Lore*, on briefs), for appellant.
*Eric J. Berghold (Marc E. Bettius; William L. Carey; Miles & Stockbridge*, on brief), for appellee.

JUSTICE LACY delivered the opinion of the Court.

In this case we consider whether the trial court erred in sustaining a plea in bar asserting that a party did not have standing to sue.

Mount Vernon Realty, Inc. (Mount Vernon) was indebted to First Commercial Bank (the bank) pursuant to a "revolving" promissory note. To satisfy that debt, the bank debited an escrow checking account that Mount Vernon had maintained at the bank. Weichert Company of Virginia, Inc. (Weichert) filed a motion for judgment against the bank alleging that, prior to the bank's action, it had acquired assets of Mount Vernon including the escrow checking account and, therefore, the bank had improperly seized the funds in that account. Weichert sought recovery of the amount seized, $154,250.94, plus interest, on theories of conversion, breach of contract, and breach of fiduciary duty.

The bank filed a plea in bar asserting that Weichert had no standing to bring the cause of action against it. The trial court, based on the pleadings and argument of counsel, sustained the bank's plea and dismissed the motion for judgment. The trial court denied Weichert's motion for reconsideration and request for leave to file an amended pleading. We awarded Weichert an appeal, and we will reverse the judgment.

■ A party has standing to sue if it has sufficient interest in the subject matter to insure that the parties will be actual adversaries and to insure that the issues will be fully and faithfully developed. *Cupp* v. *Board of Supervisors*, 227 Va. 580, 589, 318 S.E.2d 407, 411 (1984). As no evidence was taken, we, like the trial court, rely solely on the pleadings in resolving the issue before us.*

■ Weichert executed an asset purchase agreement under which it acquired a number of the assets of Mount Vernon. Weichert

* A plea in bar is a defensive pleading that reduces the litigation to a single issue of fact which if proven creates a bar to the suit and the moving party carries the burden of proof on that issue. *Campbell* v. *Johnson*, 203 Va. 43, 47, 122 S.E.2d 907, 909 (1961). It is not clear what issue of *fact* the bank relied on as a bar to the suit. Although the bank, in an answer to interrogatories, indicated that its standing objection was based on the lack of a contractual relationship between the bank and Weichert, the trial court's order did not address this issue.

alleges that, under that agreement, it acquired the escrow account maintained by Mount Vernon at the bank and that it was the "legal owner" of the escrow funds, the "trustee of the Escrow Funds . . . [for] the parties to the underlying real estate transactions," and the successor to Mt. Vernon's "interest in the escrow arrangement."

Weichert charges that the bank wrongfully seized the funds because they were escrow monies that are not subject to the bank's right of set-off. Weichert also alleges that, in any event, the funds were no longer subject to set-off in satisfaction of Mount Vernon's debt to the bank because of its asset purchase. Weichert claims that the bank breached its fiduciary duty to hold escrow funds, a duty that the bank owed to Weichert as the successor to Mount Vernon's interest in the account, when it seized the funds. Finally, Weichert alleges that the bank's seizure deprived Weichert of its ability to satisfy its obligations under escrow arrangements with its clients.

We hold that Weichert's allegations of its legal interests, and the harm to those interests resulting from the bank's action satisfy the requirements of standing in this case. Regardless of whether Weichert ultimately will prevail on any of its theories of recovery, the parties to the litigation are adverse and the issues can be fully developed. *Cupp*, 227 Va. at 589, 318 S.E.2d at 411.

Accordingly, we will reverse the judgment of the trial court and remand the case for further proceedings.

*Reversed and remanded.*