# HALL, INC., T/A PRESTIGE IMPORTS OF VIRGINIA
## V.
# EMPIRE FIRE AND MARINE INSURANCE COMPANY

Record No. 931836

September 16, 1994

Present: All the Justices

*Tina Snee (R. Craig Jennings; Slenker, Brandt, Jennings & Johnston,* on brief), for appellant.

*Randolph H. Watts (Watts & Amole,* on brief), for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

In this appeal, we determine whether the trial court erred in ruling that a loss of a certain automobile caused by fire was not covered under the provisions of a garage dealer's insurance policy.

Hall, Inc., trading as Prestige Imports of Virginia (Hall), brought an action against Empire Fire and Marine Insurance Company (Empire) to recover under its garage dealer's insurance policy for the loss of an automobile caused by fire. Empire denied that the loss was covered under the policy because Hall did not have legal title to the automobile at the time of the loss.

The case was submitted to the trial court on stipulated facts, and each party moved for summary judgment. The trial court entered summary judgment in favor of Empire, concluding that Hall's insurance policy covered only an automobile owned by Hall at the time of the loss, meaning one to which Hall had legal title. Hall appeals.

The following facts were stipulated. Hall is a corporation in the business of buying and selling used motor vehicles, and it operates its business in Arlington County. Empire is a Nebraska corporation and is authorized and licensed to write certain types of insurance contracts in Virginia, including the one at issue. Empire issued to Hall a Garage Dealer's Liability Insurance Policy (the Policy) which was in full force and effect on September 1, 1992, and at other relevant times. The Policy insured "covered autos" against losses, including losses caused by fire. "Covered autos" were defined as follows:

OWNED PRIVATE PASSENGER AUTOS ONLY. Only the private passenger autos [Hall] own[s]. This includes those private passenger autos [Hall] acquire[s] ownership of after the policy begins.

On August 31, 1992, Edward Clark, Jr., brought a used 1990 Nissan automobile to Hall's place of business and offered to sell it to Hall. Clark presented an invalid certificate of title purporting to show that he owned the vehicle. Clark, however, did not own the vehicle. Based upon this misrepresentation, Hall, in good faith, paid Clark $17,000.00 and took possession of the vehicle and the invalid certificate of title.

A Hall employee accompanied Clark to the Department of Motor Vehicles (DMV) on August 31, 1992, to verify Clark's title. The DMV's computer records erroneously showed that Clark was the owner of the vehicle. Unknown to Hall, however, the automobile previously had been stolen from Ronald Weathington. The vehicle identification number had been either altered or replaced, or the DMV had not yet received notice of the stolen automobile.

Weathington had reported the theft to his insurer, State Farm Mutual Automobile Insurance Company (State Farm). State Farm paid Weathington for the loss and was the vehicle's legal owner at the time Clark brought the vehicle to Hall. Neither State Farm nor Weathington authorized Clark to possess or to sell the vehicle, and Clark did not have legal title to it.

On September 1, 1992, the vehicle was destroyed by fire. Hall and Empire agree that, if insurance coverage exists, Empire's liability for this loss is $16,000.00, as the Policy contains a $1,000.00 deductible clause.

Hall contends that, although it did not have legal title to the automobile, it did have "a lawful interest enforceable against all the world except the legal owner" and that such interest "is and should be an ownership interest sufficient to satisfy the requirements of the [P]olicy." Hall further contends that the Policy does not contain "any restrictive definition of the words 'own' or 'ownership' " and that Empire could have specifically excluded coverage for a vehicle such as Hall acquired in the present case. Finally, Hall contends that the Policy is susceptible to two interpretations regarding ownership; one interpretation is that the Policy covers vehicles to which Hall has legal title, and the other interpretation is that vehicles are covered if Hall's interest is merely lawful and insurable. This ambiguity, Hall asserts, requires us to construe the Policy in favor of coverage. We reject all of Hall's contentions.

We think the controlling language in the Policy, that coverage extends only to the private passenger automobiles Hall "own[s]," is clear and unambiguous. The owner of an automobile is the party who has legal title to it. *See* Code § 46.2-100; *see also First Virginia Bank* v. *Sutherland*, 217 Va. 588, 593, 231 S.E.2d 706, 709 (1977) (decided under predecessor to Code § 46.2-100). In the present case, the parties stipulated that State Farm, not Hall, "was the *legal owner* of the vehicle at the time Clark brought the vehicle to [Hall's] lot." (Emphasis added.)

Hall's reliance upon *Castle Cars* v. *U.S. Fire Ins. Co.*, 221 Va. 773, 273 S.E.2d 793 (1981), is misplaced. In *Castle Cars*, as in the present case, an automobile dealer was a *bona fide* purchaser of a used car that had been stolen. The question presented in *Castle Cars*, however, was "whether a *bona fide* purchaser for value has an insurable interest in stolen property." *Id.* at 774, 273 S.E.2d at 793. We held that the dealer, because it had a substantial and economic interest in the automobile acquired in good faith, for value, and without notice of the invalidity of the transferor's title, had an insurable interest in the automobile. *Id.* at 778, 273 S.E.2d at 796.

The issue in the present case, however, is not whether Hall had an insurable interest in the automobile, but is whether Hall had coverage, under the terms of the Policy, for the automobile's loss. We conclude that, because Hall was not the legal owner of the automobile at the time of the loss, there was no coverage.

Accordingly, we will affirm the trial court's judgment.

*Affirmed.*