# MELVIN J. RADIN

## V.

# CRESTAR BANK

Record No. 940949

April 21, 1995

Present: All the Justices

*Melvin J. Radin*, for appellant.
*Samuel R. Brown, II*, for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

The sole issue in this appeal is whether an attorney at law is a proper party to sue a bank that refuses to reimburse the attorney's fiduciary account for a certain check, drawn by the attorney against the account, and honored by the bank over a forged indorsement.

Melvin J. Radin, an attorney at law in the City of Norfolk, maintained with United Virginia Bank, now Crestar Bank (the Bank or Crestar), a "fiduciary account" in which he deposited his clients' funds. Radin had represented and obtained a judgment for Gugesa Haile, an Ethiopian seaman who resided in Greece, and had deposited the amount collected thereon in the fiduciary account. On May 13, 1986, Radin issued a check, drawn against the fiduciary account and payable to Haile, in the amount of the balance of the judgment due Haile, $10,420.17.

About May 22, 1986, someone other than Haile indorsed the check and retained the proceeds therefrom. About May 27, 1986, Radin received a letter from Haile, stating that he had not received the check. This was Radin's first notice that the check's indorsement may have been forged. Thereafter, Radin examined his bank statement and canceled checks and determined that, indeed, Haile's indorsement on the check had been forged.

Radin promptly notified the Bank about the forged indorsement. Sometime thereafter, the Bank advised Radin to obtain from Haile an affidavit stating that Haile had not indorsed the check and informed Radin that it would reimburse the fiduciary account upon receipt of the affidavit. Radin obtained the affidavit and forwarded it to the Bank on July 30, 1987. The Bank, however, refused to reimburse the account.

Thereupon, Radin instituted the present action, seeking to require Crestar to reimburse the fiduciary account. In his amended motion for judgment, Radin alleged that the action was brought "on behalf of . . . Radin, individually, and on behalf of . . . Radin as trustee for funds due . . . Haile." Crestar filed a "demurrer and motion to dismiss," asserting that Haile, not Radin,

was the proper party to maintain the action. The trial court sustained the demurrer and dismissed the action with prejudice, and Radin appeals.

Radin, relying primarily on Code § 8.4-406, contends that he, as the Bank's customer, is a proper person to bring the action. Crestar asserts that Haile is the person damaged, and, therefore, the action should have been brought in Haile's name.

■ Code § 8.4-406 sets forth the duty of a bank "customer" to discover and report any unauthorized signature or alteration on any items paid by the bank. With respect to unauthorized indorsements, Code § 8.4-406(4) provided, at the time of the alleged forgery, that "a customer" must discover and report any such indorsement within three years from the time the bank makes available to the customer a statement of account and accompanying items paid by it. Code § 8.4-104(1)(e), in relevant part, defined "customer" as "any person having an account with a bank."

■ We have held that a party has standing to sue if the party "has sufficient interest in the subject matter to insure that the [litigants] will be actual adversaries and to insure that the issues will be fully and faithfully developed." *Weichert Company of Va.* v. *First Commercial Bank*, 246 Va. 108, 109, 431 S.E.2d 308, 309 (1993); *accord Cupp* v. *Board of Supervisors*, 227 Va. 580, 589, 318 S.E.2d 407, 411 (1984).

In *Weichert Company*, a realty company was indebted to a bank on a "revolving" promissory note. To satisfy the debt, the bank debited the realty company's escrow checking account maintained at the bank. The plaintiff corporation filed a motion for judgment against the bank, alleging that, prior to the time the bank debited the account, the plaintiff had acquired the realty company's assets, which included the escrow checking account, and, therefore, that the bank improperly had seized the funds in the account. The bank claimed, and the trial court held, that the plaintiff did not have standing to bring the action. 246 Va. at 109, 431 S.E.2d at 308-09. In reversing the trial court, we held that the plaintiff's "allegations of its legal interests, and the harm to those interests resulting from the bank's action, satisfy the requirements of standing." *Id.* at 110, 431 S.E.2d at 309.

■ In the present case, Radin was a customer of the Bank and timely complied with the requirements of Code § 8.4-406. Moreover, like the plaintiff in *Weichert Company*, Radin's legal interest in the fiduciary account, and the harm to his client resulting

from the Bank's having honored a check over a forged indorsement, satisfied the requirements of standing. Therefore, the trial court erred in sustaining Crestar's demurrer and dismissing the action.

Accordingly, we will reverse the trial court's judgment and remand the case for further proceedings consistent with the views expressed in this opinion.

*Reversed and remanded.*