## CIRCUIT COURT OF FAIRFAX COUNTY

First Union National Bank

v.

Ourisman Dodge, Inc.

February 8, 1999

Case No. (Law) 175652

BY JUDGE JONATHAN C. THATCHER

This matter comes before the Court on Defendant's Plea in Bar. For the reasons discussed herein, the Defendant's Plea in Bar is overruled.

On or about August 3, 1994, Keith E. Matthews executed a promissory note to the order of First Union National Bank in the amount of $19,866.76. Pursuant to the terms of the note, Matthews granted First Union a security interest in a 1991 Dodge Stealth (Vehicle Identification Number JB3XE74C5MY020184). In turn, First Union allowed Matthews to have possession of the car. First Union recorded a lien with the Department of Public Works for the District of Columbia on a District of Columbia Certificate of Title.

On or about November 3, 1997, Matthews had the car towed and repaired by Ourisman Dodge, Inc., in Virginia. Although the vehicle was removed to Virginia and remained there, it was not registered in Virginia. Matthews did not reclaim the vehicle or pay for the charges, which are approximately $9,911.76. As a result, Ourisman asserted a lien for storage and a lien for repairs and retained possession of the vehicle. The vehicle has a current market value of approximately $12,000.00.

Matthews has defaulted under the terms of the note, leaving a balance of approximately $17,000.00. First Union has demanded that Ourisman return the property, but Ourisman refuses. On or about November 9, 1998, First Union

filed a one-count motion for judgment alleging that Ourisman is illegally detaining the vehicle. First Union is seeking immediate possession of the vehicle or, in the alternative, a judgment in its favor in the amount of $12,000.00.

Ourisman's Plea in Bar alleges that First Union's lien recorded upon the title is subordinate to Ourisman's statutory lien because the vehicle has been in the Commonwealth of Virginia in excess of four months and First Union's title lien is not recorded in Virginia. Ourisman's position is without merit. Virginia Code § 8.9-103(2)(b), the same provision relied upon by Ourisman, clearly states that a lien such as First Union's is valid and enforceable for four months and "until the goods are registered in a new jurisdiction." The vehicle was and apparently always has been registered in the District of Columbia, without any change of title which would adversely affect the First Union's lien. The four-month period that Ourisman relies upon is based upon an incomplete reading of Va. Code § 8.9-103(2)(b).

When considering a plea in bar, the Court must accept the facts as alleged by the plaintiff's pleadings as true. *Glascock v. Laserna*, 247 Va. 108 (1994). Furthermore, the moving party carries the burden of proof of the distinct issue of fact under consideration. *Id.* In this matter, Ourisman cannot carry that burden. The lien of First Union as compared to the statutory garageman's lien of Ourisman is valid and superior.

For the reasons discussed above, Defendant's Plea in Bar is denied.