## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Donald J. Fix et al.

v.

Eakin/Youngentob
Associates, Inc.,
and Ford's Landing
Associates, L.P.

February 15, 2002

Case No. (Law) CL010328

BY JUDGE JOHN E. KLOCH

This matter came upon Defendants' pleas in bar to Counts IV and V of Plaintiffs' amended Motion for Judgment. After considering the evidence, legal memoranda, and argument of counsel, I am of the opinion that the Plea in Bar to Count IV shall be overruled and that the Plea in Bar to Count V shall be sustained.

Count IV: *Violation of the*
*Virginia Consumer Protection Act of 1977,*
*Va. Code § 59.1-196 et seq.*

The Virginia Consumer Protection Act is a remedial statute meant to "promote fair and ethical standards of dealings between suppliers and the consuming public." Virginia Code § 59.1-197. The Act carries a two-year statute of limitations. Virginia Code § 59.1-204.1(A). Further, the Act's statute of limitations incorporates Virginia Code § 8.01-230 which states:

In every action for which a limitation period is prescribed, the right of action shall be deemed to accrue and the prescribed limitation period shall begin to run from . . . when the breach of contract occurs in actions *ex contractu* and not when the resulting damage is discovered. . . .

The contract herein stems from an ongoing "consumer transaction" between the parties. Virginia Code §§ 59.1-196, 59.1-200.

Plaintiffs filed the motion for judgment in this case on May 9, 2001. Count IV of the motion for judgment alleges the violation of the Virginia Consumer Protection Act, § 59.1-196 et seq. Defendants filed a Plea in Bar on December 13, 2001, to Counts IV and V of Plaintiffs' motion for judgment. The Defendants argue in the Plea in Bar to Count IV that the two-year statute of limitations to the Virginia Consumer Protection Act began to run after the May 1997 Sales Agreement was signed by the parties. In the alternative, the Defendants represented to the Court on February 13, 2002, that the two-year statute of limitations began to run in June or July of 1998 after the parties settled an issue on the prices of amenities and money exchanged hands.

Plaintiffs responded that the actual date for the accrual of the cause of action is the date the settlement agreement was signed by the parties turning equity ownership over to Plaintiffs, July 15, 1999. The Plaintiff's rely on the language of the Settlement Agreement as to the Plaintiffs being given "equitable title" at the "delivery of the deed." Plaintiffs assert that prior to the Settlement Agreement, Plaintiffs had no ownership interest in the home being constructed.

The parties entered into a continuing consumer transaction that began in 1997 with the signing of a sales agreement for the development and purchase of a house at Ford's Landing and ended in July of 1999 when the parties went to settlement on the house. I am of the opinion that under the facts of this case, the only "fair" and logical interpretation of "consumer transaction" includes both the contract and settlement. The ongoing nature of the relationship between the parties dictates that Plaintiffs' cause of action accrued when Plaintiffs had a right of action, at the time Plaintiffs received equity ownership of the house in 1999. Prior to 1999, Plaintiffs could not have discovered any alleged misrepresentations made by Defendants in violation of the Virginia Consumer Protection Act prior to settlement. As counsel for Plaintiffs has pointed out, any other interpretation would allow one party to thwart the remedial provisions of the Virginia Consumer Protection Act merely by delay. Accordingly, Defendants' Plea in Bar to Count IV is overruled.

24

Count V: *False Advertising, Va. Code § 18.2-216*

Plaintiffs filed the original motion for judgment in this case on May 9, 2001. Count V in that motion for judgment asserts that Defendants violated Virginia's False Advertising Statute, Virginia Code § 18.2-216. In Defendants' Plea in Bar to Count V, Defendants argue that Count V is barred by the statute of limitations as provided by Virginia Code § 8.01-248. According to the recent Supreme Court cases in *McMillion v. Dryvit Systems*, Inc., 262 Va. 463, 552 S.E.2d 364 (2001), and *Parker-Smith v. Sto Corp.*, 262 Va. 432, 551 S.E.2d 615 (2001), this two-year "catch-all" statute of limitations period is applicable to false advertising cases.

The parties entered into the contract for the sale of the house in May 1997. Under the plain language of Virginia Code § 18.2-216, the cause of action would clearly accrue when the contract was signed. Any reliance on deceptive advertising, therefore, had to occur before that date. Plaintiffs' original motion for judgment was filed on May 9, 2001. As such, more than two-years passed between the accrual of the cause of action and the filing of the motion for judgment and this Count is now barred by the statute of limitations. Defendants' Plea in Bar to Count V is sustained.