## CIRCUIT COURT OF LOUDOUN COUNTY

John P. Glass et al.

v.

Trafalgar House Property, Inc., et al.

Case No. (Law) 25252

Maurice Dale Harris et al.

v.

Van Metre Homes, Inc., et al.

Case No. (Law) 25068

April 15, 2002

BY JUDGE THOMAS D. HORNE

These cases came before the Court on various motions, demurrers, and pleas in bar filed by the parties. Because of the commonality of issues involved, the Court entertained arguments on the pleadings during the same hearing. However, it should be noted that these cases have not been consolidated. In evaluating the demurrers filed in the case, the Court is guided by the general principles that, "[a] demurrer admits the truth of all properly pleaded material facts. 'All reasonable factual inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading.

However, a demurrer does not admit the correctness of the pleader's conclusions of law'." *Ward's Equipment v. New Holland North Am.*, 254 Va. 379, 382 (1997) (quoting *Fox v. Curtis*, 236 Va. 69, 71 (1988)).

I. *John P. Glass and Lisa P. Glass v. Trafalgar House Property, Inc., d/b/a Trafalgar Home Residential Virginia, Beazer Homes Corp., Dryvit Systems, Inc., Exterior Professionals, and Castle Concrete Corp. Case No. (Law) 25252*

It is alleged that, on or about April 29, 1998, plaintiffs entered into a contract to purchase a new home to be constructed by Trafalgar. The parties, on or about May 23, 1998, modified the contract. Trafalgar completed construction of the house on or about September 30, 1998. Plaintiffs occupied the home on or about October 3, 1998. Exterior Insulation Finish System ("EIFS") was applied to the exterior of the home. Otherwise known as "synthetic stucco," this product was manufactured by the defendant, Dryvit, and applied by defendant Exterior Professionals. Exterior Professionals held itself out to the public as approved by Dryvit to apply their product to the exterior of homes, such as that purchased by the plaintiffs. Exterior Professionals was a subcontractor for Trafalgar. Castle Concrete Corporation constructed the foundation for the home of the plaintiffs. Like Exterior, Castle was a subcontractor for Trafalgar.

Beazer purchased the assets and assumed responsibility for the obligations of Trafalgar in late 1998 or early 1999. Beazer has filed an answer and grounds of defense and cross-claim against Trafalgar. There are presently pending no motions, special pleas, or demurrers by Beazer to the Motion for Judgment.

It is the contention of the plaintiffs that the EIFS product applied to the exterior of their home did not provide protection from water and moisture. As a result, the house suffered significant damage for which they seek compensation.

Plaintiffs seek damages against Exterior and Castle based upon theories of negligence, breach of contract, and breach of warranty in connection with work performed on the home. They seek to recover against Dryvit for negligence, breach of warranty, fraud, violation of Virginia Consumer Protection Act, and the Virginia statute prohibiting false and misleading advertising. The liability of Trafalgar and Beazer is predicated upon theories of negligence, breach of warranty, breach of contract, fraud, violation of the Consumer Protection Act, and the statutory prohibition against false and misleading advertising.

The cases dealing with EIFS are legion. Counsel have submitted a number of them to the Court for its consideration when ruling upon the instant responsive pleadings. Accordingly, it is unnecessary for the Court to restate the nature of the product alleged that has given rise to this cause of action or the legal principles involved. Thus, as to the allegations contained in the pleadings, the Court will rule upon the matter in a summary fashion with only a passing reference to the authority relied upon in determining the disposition of each theory of recovery.

*Motion of Trafalgar Craving Oyer (Count Two: Breach of Express Warranty; Count Three: Breach of Implied Warranties; Count Four: Breach of Contract; Count Fourteen: Violation of Va. Code Ann. § 18.2-216; Counts Five, Six, Thirteen, and Fourteen: Fraud, Constructive Fraud, Violation of Virginia Consumer Protection Act, Violation of Virginia's Deceptive Advertising Statute)*

The Court will deny the motion. While the Supreme Court has commented several times on the practice of craving oyer, in each of those cases, the plaintiff did not object but instead produced the written document. *Hechler Chevrolet v. General Motors Corp.*, 230 Va. 396 (1985); *Ward's Equipment, Inc.*, 254 Va. at 382. A good discussion as to why the practice of craving oyer, though efficient in resolving matters on demurrer, is archaic and should be avoided is contained in Costello, *Virginia Remedies* § 7-9(g) (2d ed. 1999).

*Demurrer to Count 1: Negligence Per Se — Trafalgar*

The Court will sustain the demurrer with respect to Count 1. The damages alleged to have been suffered by the plaintiffs are for economic loss. They did not get what they had bargained for. The Uniform Statewide Building Code provides the standard of care where there already exists a common law duty owed the injured party. *Williamson v. Old Brogue, Inc.*, 232 Va. 350 (1986). This code provision is a safety statute that was not intended to provide a civil remedy to homebuyers against contractors.

This is not an action for injury to person or property. Economic loss, as opposed to loss suffered by way of injury to person or property is determined by the law of contracts and not tort. There is no cause of action in Virginia for negligent breach of contract. *Jazayerli v. Renaissance Housing Corp.*, 55 Va. Cir. 49, 50-51 (2001); *Moskowitz v. Renaissance at Windsong Creek, Inc.*, 52 Va. Cir. 459, 460 (2000). The count will be dismissed.

*Demurrer to Count 2: Breach of Express Warranty — Trafalgar and Beazer*

The Court will overrule the Demurrer of Trafalgar. A failure to attach the contract is not fatal to the pleading.

*Demurrer to Count 3: Breach of Implied Warranty — Trafalgar and Beazer*

The Court has previously denied the motion craving oyer. Plaintiffs claim a breach of the statutory warranties provided in Va. Code Ann. § 55-70.1. It is suggested in the pleadings that the plaintiffs did not waive, modify, or exclude any of the statutory warranties. Accordingly the demurrer is overruled as to this count.

*Demurrer to Count 4: Breach of Contract — Trafalgar and Beazer*

The Court has previously denied the motion craving oyer. It is not necessary that the contract be attached to the pleading. The demurrer of Trafalgar is overruled.

*Demurrer to Count 5: Actual Fraud — Trafalgar*

Plaintiffs contend that Trafalgar made certain fraudulent misrepresentations of existing facts upon which they relied in purchasing their home. Those misrepresentations specified in the motion for judgment are that: (1) the stucco would require little or no maintenance; (2) the dwelling house would be constructed in a workmanlike manner; and (3) that the dwelling house would be fit for human habitation.

These are but statements of opinion and "unfulfilled promises of future events" that may not form the basis of an action for fraud. *McMillion v. Dryvit Systems, Inc.*, 262 Va. 463, 467 (2001). The demurrer of Trafalgar will be sustained. Plaintiffs may replead this count within twenty-one days of the entry of the Order reflecting this opinion, should they be so advised.

*Demurrer to Count 6: Constructive Fraud — Trafalgar*

The statements relied upon as the basis for the actual fraud claim contained in Count 5 are those that form the basis for a claim for constructive fraud. These are but statements of opinion and not existing fact. *McMillion*, 262 Va. at 467; *Blair Const. v. Weatherford*, 253 Va. 343 (1997). Plaintiffs fail to plead any independent common law duty. "The essence of constructive

fraud is negligent misrepresentation." *Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 559 (1998). Absent the existence of a common law duty, irrespective of the contract between the parties, plaintiffs cannot recover in tort. *Id.* at 559. No such duty has been pleaded. The demurrer of Trafalgar will be sustained. The count will be dismissed.

*Demurrer to Count 7: Negligence Per Se —Exterior Professionals*

Plaintiffs assert that they have suffered damage to their home as a result of the defendants' conduct. The damages alleged include, "excessive moisture levels within the walls of their new home and probable exterior and interior wood rot, the necessary and reasonable costs of repair, increased future maintenance costs, and the diminishment in the value of their home as a result of the many structural defects and other deficiencies in their home, including the stigma associated with an EIFS home."

The instant count of the motion for judgment states a claim for economic loss caused by defendant's negligence. Absent privity of contract, plaintiffs may not recover for such losses. *Sensenbrenner v. Rust, Orling, & Neale, Architects, Inc.*, 236 Va. 419 (1988); *East River S.S. Corp. v. Transamerica*, 476 U.S. 858 (1986). No such privity has been pleaded. The demurrer will be sustained. The count will be dismissed.

*Demurrer to Count 8: Negligence Per Se —Dryvit Systems, Inc.*

Absent the existence of a duty imposed by law upon Dryvit, plaintiffs cannot recover for the damages that they seek. Conversely, plaintiffs may not recover damages for economic losses absent privity of contract. *Sensenbrenner*, 236 Va. at 419. It was not the intention of the legislature, by enacting the Uniform Statewide Building Code to create a duty, the breach of which would justify recovery in tort. Instead, it is a safety statute. While it may define the standard of care where a duty otherwise may exist, absent privity between the parties, the nature of the damages sought precludes plaintiffs' recovery. The demurrer will be sustained. The Count will be dismissed.

*Demurrer to Count 9: Fraud —Dryvit Systems, Inc.*

Plaintiff contend that Dryvit is liable for damages resulting from misrepresentations of commission and omission made in connection with the marketing of its product to the plaintiffs and to the general public.

This Count has not been pleaded with requisite particularity as might put the defendant on notice as to the nature of the fraudulent misrepresentations

upon which the plaintiffs relied to their detriment. "The allegations are too vague, indefinite, and conclusory to state a cause of action." *Tuscarora, Inc. v. B.V.A. Credit Corp.*, 218 Va. 849, 858 (1978). Certain of the misrepresentations alleged that have been relied upon are but promises of future performance. They are not misstatements of material fact. *Blair Const., Inc.*, 253 Va. at 346. The demurrer will be sustained. Plaintiffs may replead this count within twenty-one days of the entry of the order reflecting this opinion, should they be so advised.

*Demurrer to Count 10: Constructive Fraud — Dryvit Systems, Inc.*

A claim for constructive fraud is barred by the limitation on the recovery for economic loss, since the parties have not been alleged to be in privity with each other. The essence of constructive fraud is a "negligent misrepresentation." *Richmond Metropolitan Auth.*, 256 Va. at 559. The demurrer will be sustained and the count dismissed.

*Demurrer to Count 11: Breach of Implied Warranty of Merchantability — Dryvit Systems, Inc.*

Title 8.2 of the Uniform Commercial Code applies only to transactions in goods. Va. Code Ann. § 8.2-102. Only items that are "movable at the time of identification to the contract" are goods. Va. Code Ann. § 8.2-105. The provisions of Va. Code Ann. § 8.2-318, do not extend the warranty of merchantability to the homebuyer plaintiffs. They did not purchase "goods." They acquired real property improved with a new home. The demurrer to Count 11 is sustained. The count will be dismissed.

*Demurrer to Count 12: Breach of Implied Warranty of Fitness for a Particular Purpose —— Dryvit Systems, Inc.*

Like its companion warranty discussed above, this action predicated upon Title 8.2 of the Uniform Commercial Code is subject to demurrer. The plaintiffs acquired a home, not goods. The demurrer to Count 12 will be sustained and the count dismissed.

*Demurrers to Count 13 and Pleas in Bar: Violation of Virginia Consumer Protection Act — Trafalgar, Beazer, and Dryvit Systems, Inc.*

This count of the Motion for Judgment is appropriately handled by the pleas in bar filed by Trafalgar and Dryvit.

The instant Motion for Judgment was filed on September 25, 2001. Plaintiffs occupied the house on October 3, 1998. Assuming, without deciding, that this is a consumer transaction, the right to bring an action for the damages complained of must have been commenced by the plaintiffs within two years after accrual. Va. Code Ann. § 59.1-204.1. The action accrued and the two year limitation period began to run as of the date the injury was sustained. Va. Code Ann. § 8.01-230. Any cause of action for a violation of the Act would have accrued when the home was sold. Accordingly, the pleas in bar of Trafalgar and Dryvit are sustained and the counts dismissed.

*Demurrers to Count 14 and Pleas in Bar —Trafalgar and Dryvit Systems, Inc.*

This count of the Motion for Judgment is appropriately handled by the pleas in bar filed by Trafalgar and Dryvit.

Plaintiffs seek to recover damages against the defendants for deceptive advertising. Va. Code Ann. §§ 18.2-216, 59.1-68.3. The statute of limitations is two years for such claims. Va. Code Ann. § 8.01-248; *Parker-Smith v. Sto Corp.*, 262 Va. 432 (2001). The plaintiffs' right of action accrued and the two year limitation period began to run, "from the date the injury is sustained in the case of injury to person or damage to property." Va. Code Ann. § 8.01-230.

Suits predicated upon claims of false advertising accrue at the time of publication of the prohibited material with the purpose of inducing the public to enter into an obligation. The fact that the extent of the damages may not be discovered or calculable until a later date is not determinative of the date of accrual. The act itself when coupled with some loss, however slight, would bar recovery in this case. *Richmond Redevelopment and Housing Auth. v. Laburnum Const. Corp.*, 195 Va. 827 (1954).

The Court is of the opinion that the action accrued and the statute of limitations began to run at the time the plaintiff went to settlement on the home. As noted earlier, plaintiffs have filed the instant action more than two years after they took possession of the property, based upon their having allegedly been the victims of untrue, deceptive, and misleading advertising.

Accordingly the pleas in bar of Trafalgar and Dryvit are sustained and the count dismissed as to them.

*Demurrer to Count 15: Breach of Express Warranty —Dryvit Systems, Inc.*

The demurrer will be sustained. Plaintiffs fail to allege a contract with Dryvit. Plaintiffs may replead this count within twenty-one days of entry of the order reflecting this opinion.

*Demurrer to Count 16: Negligence Per Se —Castle Concrete Corporation*

The instant action is one seeking recovery of economic damages. There is no contractual privity alleged between the plaintiffs and Castle. Accordingly, the instant claim against Castle based upon their having negligently constructed the foundation of the plaintiffs' new home is insufficient as a matter of law. *Sensenbrenner*, 236 Va. at 419.

The demurrer will be sustained and the count dismissed.

*Demurrer to Count 17: Breach of Implied Warranties —Castle Concrete Corporation*

This count also seeks recovery for economic loss. As noted, Castle and the plaintiffs are not in privity. The demurrer will be sustained and the count dismissed.

*Demurrer to Count 18: Breach of Contract—Castle Concrete Corporation*

Plaintiffs seek recovery in this count based upon their having been third-party beneficiaries to Castle's contract with the builder. They are but incidental beneficiaries of the contract between the builder and sub-contractor. In order to recover, it must be shown that the parties to the contract clearly intended to confer a benefit upon the plaintiffs. *Kelly Health Care v. Prudential*, 226 Va. 376 (1983). As the defendant observes, the motion for judgment alleges no facts from which to infer such intent on the part of the Castle and Trafalgar.

The demurrer will be sustained and the count dismissed.

II. *Maurice Dale Harris and Jennifer Lyn Porter, a/k/a Jennifer Lyn Harris v. Van Metre Homes, Inc., a/k/a Van Metre Residential Construction, L.P., a/k/a Van Metre Residential Partnership, L.P., Dryvit Systems, Inc., CSS, L.L.C., a/k/a Coronado Stucco and Stone. Case No. (Law) 25068*

It is alleged that on or about April 26, 1997, plaintiffs entered into a contract to purchase a new home to be constructed by Van Metre. Closing on the house occurred on October 24, 1997, and the plaintiffs moved in on October 25, 1997. Exterior Insulation Finish System was applied to the exterior of the home. Otherwise known as "synthetic stucco" this product was manufactured by the defendant, Dryvit, and applied by Coronado Corporation, predecessor to CSS, L.L.C., a/k/a Coronado Stucco and Stone. Coronado held

itself out and warranted itself as a Dryvit approved applicator. Coronado was a subcontractor of Van Metre.

Plaintiffs were told that their home would be finished with "stucco." They understood this to be real, rather than, synthetic stucco. However, attached to the Motion for Judgment is a copy of the contract with option schedule attached. The option schedule specifies "Dryvit and stone."

Like the plaintiffs in Law No. 25252, Mr. and Mrs. Harris contend that the EIFS product applied to the exterior of their home did not provide protection from water and moisture. As a result, the house suffered significant damage for which they seek compensation.

Recovery is sought against Van Metre based upon theories of negligence breach of warranty, breach of contract, fraud, violation of the Virginia Consumer Protection Act, and false and misleading advertising. Plaintiffs assert liability against Dryvit based upon its breach of warranty, negligence fraud, violation of the Virginia Consumer Protection Act, and the statutory prohibition against false and misleading advertising. It is alleged that Coronado is liable in damages for negligence.

Many of the issues raised by the responsive pleadings in Law No. 25252 are common to the instant case. Rather than restate the Court's reasons for its rulings, it will make reference, where appropriate, to the other parts of this letter opinion.

The Court will deny the motions craving oyer for the reasons stated in Law No. 25252.

*Demurrer to Count 1: Negligence Per Se — Van Metre*

For the reasons stated with reference to Count 1 of Law No. 25252, the demurrer will be sustained. The count will be dismissed.

*Demurrer to Count 2: Breach of Express Warranty — Van Metre*

The demurrer to Count 2 is overruled. There are factual allegations, properly raised, that cannot be resolved on demurrer.

*Demurrer to Count 3: Breach of Implied Warranties — Van Metre*

The Court will overrule the demurrer with respect to Count 3. There are factual allegations, properly raised, with respect to the waiver of the warranties pursuant to Va. Code Ann. § 55-70.1(a) and (b), that cannot be decided on demurrer.

*Demurrer to Count 4: Breach of Contract—Van Metre*

The Court will overrule the demurrer as to Count 4. There are factual matters, properly raised, that cannot be resolved on demurrer.

*Demurrer to Count 5: Five: Actual Fraud —Van Metre*

The Court will overrule the demurrer. One may infer from the pleadings that a representative of the defendant made certain representations to the plaintiff concerning the nature of the siding to be utilized in the construction of the building that she knew to be false with the present intent never to perform. *Lloyd v. Smith*, 150 Va. 132 (1928).

*Demurrer to Count 6: Constructive Fraud —Van Metre*

The Court will sustain the demurrer for the reasons set forth in Count 6 in Law No. 25252. The count will be dismissed.

*Demurrer to Count 7: Breach of Implied Warranty of Merchantability — Dryvit Systems, Inc.*

The Court will sustain the demurrer for the reasons set forth in Count 11 in Law No. 25252. The count will be dismissed.

*Demurrer to Count 8: Breach of Implied Warranty of Fitness for a Particular Purpose —Dryvit Systems, Inc.*

The Court will sustain the demurrer for the reasons set forth in Count 12 in Law No. 25252. The count will be dismissed.

*Demurrer to Count 9: Negligence Per Se —Dryvit Systems, Inc.*

The Court will sustain the demurrer for the reasons set forth in Count 8 in Law No. 25252. The count will be dismissed.

*Demurrer to Count 10: Fraud —Dryvit Systems, Inc.*

The Court will sustain the demurrer for the reasons set forth Count 9 in Law No. 25252. Plaintiffs may replead this count within twenty-one days of the entry of the order reflecting this opinion, should they be so advised.

*Demurrer to Count 11: Constructive Fraud —Dryvit Systems, Inc.*

The Court will sustain the demurrer for the reasons set forth in Count 10 in Law No. 25252. The count will be dismissed.

*Demurrer to Count 12: Breach of Express Warranty —Dryvit Systems, Inc.*

The Court will overrule the demurrer. Dryvit may wish to later recast this pleading as a motion for summary judgment depending upon responses to discovery.

*Demurrer to Count 13: Negligence Per Se — Coronado/CSS, L.L.C.*

Coronado/CSS was the subcontractor who applied the synthetic stucco to the home of the plaintiffs. The instant action is one seeking recovery for economic loss. As with the subcontractor/applier in Law No. 25252, there was no contractual privity between the plaintiffs and the defendant. Accordingly, for the reasons stated in Count 16 of Law No. 25252, the demurrer will be sustained. The count will be dismissed.

*Demurrers and Pleas in Bar to Count 14: Violation of Virginia Consumer Protection Act — Van Metre and Dryvit Systems, Inc.*

This Count of the Motion for Judgment is best handled by the pleas in bar filed by Van Metre and Dryvit. The instant Motion for Judgment was filed on August 10, 2001. Plaintiffs closed on the house on October 24, 1997, and moved in on October 25, 1997. The court finds that the cause of action accrued when the home was sold. For the reasons stated with respect to Count 13 of Law No. 25252, the pleas in bar of Van Metre and Dryvit are sustained and the counts dismissed.

*Demurrers and Pleas in Bar to Count 15: Violation of Va. Code Ann. § 18.2-216 — Van Metre and Dryvit Systems, Inc.*

The Court is of the opinion that the action accrued and the statute of limitations began to run at the time the plaintiffs went to settlement on their home. Accordingly, for the reasons stated with respect to Count 14 of Law No. 25252, the pleas in bar of Van Metre and Dryvit will be sustained.