## CIRCUIT COURT OF FAIRFAX COUNTY

Ferris Law Offices, P.C.,
d/b/a Ferris & Ferris, P.C.

v.

Sonic-Manhattan Fairfax, Inc.,
d/b/a BMW of Fairfax, et al.

October 21, 2010

Case No. CL-2010-6854

By Judge Jonathan C. Thacher

This matter comes before the Court on Defendants' Plea in Bar. Upon consideration of the pleadings, the arguments of counsel, and the applicable governing authorities, the Court overrules Defendants' Plea in Bar.

*Background*

Plaintiff Ferris Law Offices, P.C. ("Ferris") is a professional corporation organized under the laws of the Commonwealth of Virginia. Richard Ferris ("Mr. Ferris") is the principle owner and CEO of Ferris.

In September 2001, Ferris purchased a 2001 BMW 740iL motor vehicle ("BMW"). In November 2001, Ferris allegedly titled this car under the fictitious name "Ferris & Ferris, P.C." Ferris, however, neglected to register this fictitious name with the State Corporation Commission as mandated by Va. Code § 59.1-69.

On October 10, 2008, Mr. Ferris discovered a small leak in the BMW's coolant tank. Mr. Ferris drove the automobile to Defendant BMW of Fairfax ("Fairfax BMW") for service. Fairfax BMW allegedly

advised Mr. Ferris that he could drive the BMW from Fairfax to Richmond notwithstanding the coolant leak. Following this advice, Mr. Ferris drove the BMW to Richmond; however, the BMW's engine overheated and the car sustained significant engine damage.

On May 11, 2010, Ferris filed suit against Fairfax BMW and two of its employees, Donald Weishaupt and Shawn Emanuel (collectively "Defendants"), alleging Defendants' negligent advice caused the BMW's engine damage.

On August 5, 2010, Defendants filed the instant Plea in Bar, arguing that Ferris lacks standing to bring this suit because Ferris is not the titled owner of the BMW. According to Defendants, the titled owner "Ferris & Ferris, P.C." is a separate entity from Plaintiff Ferris, and thus Ferris lacks standing. Additionally, Defendants argue that, even if standing is present, Ferris's claims are prohibited by Va. Code §§ 59.1-69 and 59.1-76 since Ferris failed to register the fictitious name "Ferris & Ferris, P.C."

Ferris filed a response on August 23, 2010. In reply to Defendants' first argument, Ferris claims that "Ferris & Ferris, P.C.," is not a separate entity but rather a fictitious name it transacts business under. Accordingly, standing is appropriate here because Ferris is "one and the same legal entity" as the named title owner "Ferris & Ferris, P.C." In response to Defendants' second argument, Ferris claims that Va. Code §§ 59.1-69 and 59.1-76 do not apply here because "Ferris & Ferris, P.C.," is not a fictitious name subject to Virginia's registration requirements.

Notwithstanding Ferris's contention that the fictitious name "Ferris & Ferris, P.C.," is exempt from Virginia's registration requirement, Ferris properly registered the fictitious name "Ferris & Ferris, P.C.," with the State Corporation Commission on September 8, 2010.

On September 17, 2010, the Court held a hearing on Defendants' Plea in Bar. Following oral arguments, the Court took this motion under advisement.

*Analysis*

A plea in bar is a "defensive pleading that reduces the litigation to a single issue." *Cooper Industries v. Melendez*, 260 Va. 578, 590, 537 S.E.2d 580, 584 (2000) (citations omitted). If proven, it "creates a bar to the plaintiff's right of recovery." *Id.* The moving party bears the burden of establishing the truth of the factual issue that validates the plea. *Weichert Co. v. First Commercial Bank*, 246 Va. 108, 109, 431 S.E.2d 308, 309 (1993). Moreover, when considering a plea in bar, the Court must accept the facts as alleged by the plaintiff's pleadings as true. *First Union Nat'l Bank v. Ourisman Dodge, Inc.*, 48 Va. Cir. 168, 169 (1999) (citations omitted).

Defendants' Plea in Bar asserts two separate arguments, and each is separately discussed below.

## A. *Defendants' First Argument: Ferris Lacks Standing*

Defendants argue that Ferris lacks standing to bring this suit because Ferris is not the titled owner of the BMW. According to Defendants, the titled owner "Ferris & Ferris, P.C.," is a separate entity from Ferris, and thus Ferris has no interest in the damaged BMW to confer standing.

In response, Ferris contends that "Ferris & Ferris, P.C.," is not a separate entity but a fictitious name it transacts business under. Accordingly, standing is appropriate here because Ferris is "one and the same legal entity" as the BMW's title holder "Ferris & Ferris, P.C."

Standing to maintain an action is a preliminary jurisdictional issue decided by the court. *See Andrews v. American Health & Life Ins. Co.*, 236 Va. 221, 226, 372 S.E.2d 399, 402 (1988). The Virginia Supreme Court has described standing "as the requirement that a litigant have a sufficient interest in the subject matter of [a] case so that the parties will be actual adversaries." *Id.* (citations omitted). In order to have standing to recover for damage to property, a plaintiff must have an interest in the property injured. *See Keepe v. Shell Oil Co.*, 220 Va. 587, 590, 260 S.E.2d 722, 724 (1979).

In the case at bar, Ferris alleges that Defendants' negligent advice resulted in damage to Ferris's property, i.e. the BMW. Accordingly, the issue presented is whether Ferris has an ownership interest in the BMW which entitles it to standing.

Under Virginia law, the "owner of a vehicle is the party who has legal title to it." *Hall, Inc. v. Empire Fire & Marine Ins. Co.*, 248 Va. 307, 309, 448 S.E.2d 633, 635 (1994) (citing Va. Code § 46.2-100); *see also McDuffie v. Commonwealth*, 49 Va. App. 170, 175-76, 638 S.E.2d 139 (2006) (stating that "certificate of title serves not only as a substitute recording system but also as evidence of ownership").

At the Court's hearing, Defendants submitted a copy of the BMW's title certificate, which identifies "Ferris & Ferris, P.C.," as the only titled owner. Accordingly, Defendants have established that "Ferris & Ferris, P.C.," is the BMW's owner under Virginia law, and thus the entity with standing. Ferris, however, claims it has standing as an owner of the BMW because it is the same entity as "Ferris & Ferris, P.C." According to Ferris, "Ferris & Ferris, P.C.," is a fictitious name it used to title the BMW and not a separate entity. *See generally Tate v. Atlanta Oak Flooring Co.*, 179 Va. 365, 18 S.E.2d 903 (1942) (noting that the use of a fictitious name does not create two legal entities, but instead allows a single entity to operate under multiple names).

In response, Defendants argue that Ferris cannot claim it used "Ferris & Ferris, P.C.," as a fictitious name to title the BMW because "Ferris & Ferris, P.C.," was not a registered fictitious name when the BMW was titled in 2001. To support this argument, Defendants submitted a document from

the State Corporation Commission certifying that Ferris was not authorized to transact business under the fictitious name "Ferris & Ferris, P.C.," when the BMW was titled. This proves, according to Defendants, that Ferris is not the same entity as "Ferris & Ferris, P.C."

The Court, however, finds Defendants' argument unpersuasive. The fact that Ferris never properly registered the fictitious name "Ferris & Ferris, P.C.," before titling the BMW does not establish that Ferris and "Ferris & Ferris, P.C.," are separate entities. The Virginia Code has specific provisions which delineate the consequences for failing to register a fictitious name, see Va. Code §§ 59.1-69 and 59.1-76 (2010), and these provisions do not provide that an unregistered fictitious name should automatically be considered a separate entity from the underlying corporation. Furthermore, these provisions do not void any actions taken under an unregistered fictitious name. See id. Ferris's failure to register the fictitious name "Ferris & Ferris, P.C.," prior to 2010 is no bar to its current claim that it titled the car under this fictitious name. Moreover, the Court finds that Ferris alleviated any non-registration issue when it properly registered the fictitious name "Ferris & Ferris, P.C.," on September 8, 2010. Once Ferris properly registered the fictitious name "Ferris & Ferris, P.C.," this certified that Ferris is one in the same entity as "Ferris & Ferris, P.C."

In further support of their position that "Ferris & Ferris, P.C.," is a separate legal entity, Defendants submitted deposition testimony of Mr. Ferris stating that Ferris "has never gone by the name Ferris & Ferris, P.C." Although Mr. Ferris made this statement, subsequent discovery documents contradict Mr. Ferris's position. Ferris repeatedly contends throughout its later discovery responses that Ferris is the same entity as "Ferris & Ferris, P.C." This sole deposition statement of Mr. Ferris, which is contradicted by Ferris's subsequent responses, is insufficient proof for this Court to conclude Ferris never operated under the name "Ferris & Ferris, P.C."

Defendants further argue that, "since the letters `P.C.' are to be used only for professional corporations . . . Ferris & Ferris, P.C., is actually a legal entity, separate and apart from [Ferris]." The Court finds no merit to this argument. The presence of the initials "P.C." does not automatically convert a fictitious name into a separate legal entity. In fact, the use of the initials "P.C." is discretionary even in corporate names. See Va. Code § 13.1-544.1 (2010).

On a plea in bar, the moving party bears the burden of establishing the truth of the factual issue that validates the plea, Weichert Co., 246 Va. at 109, 431 S.E.2d at 309, and, in this case, the Court finds that Defendants have failed to carry their burden of establishing that "Ferris & Ferris, P.C.," is a separate entity from Ferris and not a fictitious name. Therefore, the Court must accept that Ferris is one and the same entity as "Ferris & Ferris, P.C." Accordingly, Ferris has standing to proceed in this case as owner of the BMW, and Defendants' Plea in Bar on this ground is overruled.

B. *Defendants' Second Argument: Virginia Code § 59.1-76 Prohibits Ferris's Claims*

Defendants' argue that, even if standing is present in this case, Ferris's claims are prohibited by Va. Code §§ 59.1-69 and 59.1-76 because Ferris failed to register the fictitious name "Ferris & Ferris, P.C."

In reply, Ferris claims that Va. Code §§ 59.1-69 and 59.1-76 should not apply here because "Ferris & Ferris, P.C.," does not constitute a fictitious name subject to the registration requirement. Alternatively, Ferris argues that Va. Code § 59.1-76 is inapplicable here because Ferris properly registered the fictitious name "Ferris & Ferris, P.C.," on September 8, 2010.

Virginia Code § 59.1-69 requires a corporation or a limited liability company conducting business in the Commonwealth of Virginia under a fictitious name to register their fictitious name with the State Corporation Commission. Virginia Code § 59.1-76 provides the penalty for failing to register a fictitious name, and it provides in relevant part:

> no action shall be maintained in any of the courts in this Commonwealth by any such person, corporation, or his or its assignee or successor in title unless and until the [registration] required by [§ 59.1-69] has been filed.

Although Va. Code §§ 59.1-69 and 59.1-76 prohibit a plaintiff from access to the courts when they have failed to register a fictitious name, this ban is not permanent. Virginia precedent dictates that any ban imposed by Va. Code § 59.1-76 can be relieved by a subsequent fictitious name registration in accordance with Va. Code § 59.1-69. *Phlegar v. Virginia Foods, Inc.*, 188 Va. 747, 751, 51 S.E.2d 227 (1949). In fact, a plaintiff can register a fictitious name after the start of litigation and avoid the ban mandated in Va. Code § 59.1-76. *Id.*

In the case at bar, it is likely Ferris violated Va. Code § 59.1-69 by failing to register the fictitious name "Ferris & Ferris, P.C." However, any issue of non-compliance was eliminated when Ferris properly registered this fictitious name with the State Corporation Commission on September 8, 2010. Once Ferris registered "Ferris & Ferris, P.C.," any bar imposed by Va. Code § 59.1-76 was removed. *See Phlegar*, 188 Va. at 751. Accordingly, Va. Code § 59.1-76 is inapplicable here because Ferris has subsequently complied with the registration requirements of Va. Code § 59.1-69.

Because Ferris properly registered "Ferris & Ferris, P.C.," on September 8, 2010, the ban contained in Va. Code § 59.1-76 is no longer applicable. Therefore, Defendants' Plea in Bar on this ground is overruled.

*Conclusion*

For the reasons set forth above, Defendants' Plea in Bar is overruled.