# CIRCUIT COURT OF ALBEMARLE COUNTY

Stanley Dale Williams

v.

HSBC Finance Corp.
and Equity Trustees, L.L.C.

Case No. CL 10-877

Stanley Dale Williams
and Claudine A. Williams

v.

Equity Trustees, L.L.C.

Case No. CL 10-890

March 30, 2011

By Judge Cheryl V. Higgins

This matter came to be heard upon Defendant's demurrer. The Court has now had an opportunity to review the case law and the arguments of counsel and sets forth its ruling in this opinion letter.

*Facts*

The present action arises from a complaint filed by Stanley Dale Williams against HSBC Finance Corporation (HSBC) concerning the foreclosure sale of the plaintiff's residence located at 2512 Commonwealth Drive, Charlottesville, Virginia. In September of 2007, plaintiff entered into a deed of trust with Beneficial Mortgage, which deeded legal title of the home to Carolann Rist (also referred to as "Risk" in the claim) as substitute trustee. HSBC succeeded Beneficial Mortgage on the loan, and, subsequently, HSBC replaced Rist as trustee with Equity Trustees as substitute trustee. Equity Trustees then scheduled a foreclosure sale of the plaintiff's residence. Plaintiff contends that Rist was never appropriately replaced as trustee and, therefore, Equity Trustees has no power to hold a foreclosure sale. As a basis for this claim, Plaintiff points out that, based on

the physical appearance of the notarized trustee document, it is not possible that the documents used to replace Rist as trustee were properly notarized. HSBC has filed the present demurrer on the grounds that the plaintiff has failed to state a claim upon which relief may be granted, the plaintiff fails to allege facts that could give rise to a claim for which relief can be granted, and the plaintiff lacks standing to raise the claims set forth in the complaint.

## Claim for Relief To Be Granted

HSBC contends that the plaintiff has not made a claim upon which relief can be granted. As a basis for his claim, plaintiff points out that the document appointing Equity Trustees as a substitute trustee purports to be a two-page document. Despite this representation, plaintiff contends that it appears that the two pages of the documents were not executed in the same place at the same time. This is particularly relevant because the language used to effectuate the notarization states that the document was executed personally in front of the notary. As such, for the purposes of demurrer, it seems that the plaintiff has stated a claim upon which relief could be granted.

## Standing

Plaintiff contends that the sale of the home by HSBC is inappropriate, because Equity Trustees was never appointed as a substitute trustee in the place of Carolann Rist. This claim on its face seems to address rights that would belong to Rist, not to the plaintiff, and, as such, there is a question as to whether the plaintiff has standing to bring the present suit.

"A party has standing to sue if it has sufficient interest in the subject matter to insure that the parties will be actual adversaries and to insure that the issues will be fully and faithfully developed." *Weichert Co. v. First Commercial Bank*, 246 Va. 108, 431 S.E.2d 308 (1993) (citations omitted). Although the plaintiff in the present case does not necessarily stand with Rist, there can be no doubt that they have a sufficient interest in the outcome of the case to insure that they will be an actual adversary to HSBC and that the issues will be fully and faithfully developed. The plaintiffs stand to lose their home hinging on the outcome of the present case, and it is hard to fathom a situation where a party would have a greater interest. Therefore, the Court finds the plaintiff does have standing in this case, and the demurrer on both counts is overruled.