# CIRCUIT COURT OF FAIRFAX COUNTY

Darrell Brown et al.

v.

Michael Labelle et al.

February 2, 2012

Case No. CL-2011-13796

By Judge Lorraine Nordlund

This matter came before the Court on Defendant Prosperity Realty, L.L.C.'s Plea in Bar as to the statute of limitations governing Count IV of the Complaint, a false advertising claim against defendants Michael Labelle and Prosperity Realty, L.L.C. ("Prosperity"). After hearing evidence and argument presented by both parties on November 18, 2011, the Court took the matter under advisement.

For the following reasons, the Court overrules Prosperity's Plea in Bar.

*Facts*

This case arises out of the 2009 purchase of a home in Sterling, Virginia, by the Plaintiffs, husband and wife. The home was sold by defendant Labelle, who also served as the listing agent for the sale in his capacity as a licensed realtor working for Prosperity. Plaintiffs and Labelle entered into a Regional Sales Contract for the purchase of the home on or about August 29, 2009, and the sale proceeded to settlement on or about November 4, 2009.

The Plaintiffs allege they were particularly attracted to this home because it contained a converted garage apartment which would be suitable for Mr. Brown's mother. Complaint ¶ 20. In fact, a real estate listing created by Labelle and Prosperity had advertised a "fully equipped ground level au/pair apt that must be seen to believe!" Complaint Exhibit D. Plaintiffs allege that, within weeks of taking possession of the home, they discovered that the work done to convert the garage into an apartment had been completed in

violation of Loudoun County building codes, without the permits required by law, and in a such a way as to allow water to enter the garage and cause mold to develop. Plaintiffs claim they have been "unable to use any of the converted space since," and that "to bring the space into code compliance . . . will require it being torn down to the ground and rebuilt from scratch." Complaint ¶ 16-17.

This suit was filed September 23, 2011. The Plaintiffs seek rescission, declaratory relief, and monetary damages from Labelle, Prosperity, and First American Title Insurance Company under theories of breach of contract, violation of the Virginia Consumer Protection Act, and false advertising. In their claim for false advertising, the subject of this Plea in Bar, the Plaintiffs pray for the cost to correct the work done on the garage conversion as well as exemplary damages under the Virginia Real Estate Transaction Recovery Act.

*Analysis*

A plea in bar is a "defensive pleading that reduces the litigation to a single issue." *Cooper Industries v. Melendez*, 260 Va. 578, 590, 537 S.E.2d 580 (2000) (citations omitted). If that single issue is proven, it "creates a bar to the plaintiffs right of recovery" and ability to proceed with the action. *Id.* At this stage, the moving party bears the burden of establishing the truth of that factual issue. *Weichert Co. v. First Commercial Bank*, 246 Va. 108, 109, 431 S.E.2d 308 (1993). However, "the facts as stated in the plaintiff's pleadings are taken as true for the purpose of resolving the special plea." *Lostrangio v. Laingford*, 261 Va. 495, 497, 544 S.E.2d 357 (2001).

In this case, Prosperity argues that the Plaintiffs' recovery for false advertising is barred by the relevant statute of limitations. Va. Code § 18.2-216 makes false advertising a class 1 misdemeanor, and § 59.1-68.3 creates a civil cause of action for anyone who "suffers a loss" as a result of a violation of the criminal statute. The Supreme Court has said, and the parties agree, that such a false advertising cause of action is subject to Virginia's "catch-all" two year limitations period under Va. Code § 8.01-248. *See Parker-Smith v. Sto Corp.*, 262 Va. 432, 551 S.E.2d 615 (2001). There is also no dispute that a limitations period generally begins to run from the date of injury to a person or property "and not when the resulting damage is discovered." Va. Code Ann. § 8.01-230 (1996).

Furthermore, the Virginia Supreme Court has explained:

A right of action cannot accrue until there is a cause of action. 1 Am. Jur. 2d, *Actions*, § 58, p. 590. The essential elements of a good cause of action, whether based on an alleged breach of contract or on a tortious act, are a legal obligation of a defendant to the plaintiff, a violation or breach of that right or duty, and a consequential injury or damage

to the plaintiff. In the absence of injury or damage to a plaintiff or his property, he has no cause of action and no right of action can accrue to him. 1 Am. Jur. 2d, *Actions*, § 58, p. 590.

*Caudill v. Wise Rambler, Inc.*, 210 Va. 11, 13, 168 S.E.2d 257 (1969).

Applying this rule in *Stone v. Ethan Allen*, 232 Va. 365, 369-70, 350 S.E.2d 629 (1986), the Court found:

> To rule, as the defendants suggest, that the statute of limitations began to run on February 8, 1975 [when a defective refrigerator was delivered], would be to hold that the statute ran before the Stones were damaged [when the refrigerator caused a fire on July 20, 1977], *i.e.*, "before the cause of action ripened into a right of action." *Baker*, 225 Va. at 83, 301 S.E.2d at 14. "Such an unjust and inequitable result is not the purpose of statutes of limitation. They are designed to compel the prompt assertion of an accrued right of action; not to bar such a right before it has accrued." *Caudill*, 210 Va. at 13, 168 S.E.2d at 259.

The issue to be decided in this Plea in Bar is when the limitations period for the false advertising began to run, in other words, on what date the Plaintiffs suffered an injury as a result of the alleged false advertising. Prosperity argues that the statute began to run on the date the parties entered into the contract to purchase the home, on or about August 29, 2009. Plaintiffs, on the other hand, believe the statute began to run only upon settlement, when they obtained legal title to the home, on or about November 4, 2009. The distinction is crucial, because the Complaint was filed on September 23, 2011, more than two years after the contract date but less than two years after settlement.

In order to recover in a civil claim for false advertising, a plaintiff must prove by the greater weight of the evidence that (1) the defendant intended to sell or otherwise dispose of the home or merchandise at issue; (2) the defendant caused to be made an advertisement of any sort regarding the home; (3) the advertisement contained a promise, assertion, representation, or statement of fact that was untrue, deceptive, or misleading; and (4) the plaintiff suffered a loss as a result. See Va. Code Ann. § 18.2-216; Va. Code Ann. § 59.1-68.3; *Klaiber v. Freemason Assocs.*, 266 Va. 478, 486-87, 587 S.E.2d 555 (2003).

Given the procedural posture of this case, the Court must take as true the Plaintiffs' allegations that Labelle and Prosperity, intending to sell the home, created a real estate listing that contained false or misleading statements about the converted garage. Each of these three elements was necessarily present before the parties entered into the contract to sell the home.

The Court must also take as true the allegation that the Plaintiffs suffered a loss as a result of the misleading listing. The question remains when that loss was suffered and, hence, when the cause of action for false advertising in fact accrued.

Prosperity argues that the injury was sustained and the right of action was complete when Plaintiffs relied upon the allegedly deceptive MRIS listing. At the latest, Prosperity contends, this reliance took place when Plaintiffs signed the contract agreeing to purchase the home. The Court will assume for the sake of argument that the contract became binding on the date the parties signed the contract, on or about August 29, 2009. At hearing, the Court noted that the parties signed a typical Regional Sales Contract, including at least one contingency allowing for completion of a home inspection. Complaint Exhibit A. When questioned, the parties could not provide evidence regarding whether or when this contingency was fulfilled and thus when the contract in fact became binding on all parties. Prosperity can point to only one opinion from a sister circuit to support its position that "the cause of action would clearly accrue when the contract was signed," since "any reliance on deceptive advertising . . . had to occur before that date." *Fix v. Eakin/Youngtob Assocs., Inc.*, 61 Va. Cir. 604, 606 (2002). This Court is not persuaded. Whether or not reliance had taken place on the contract date, the right of action cannot be complete until Plaintiffs suffer a loss, and the Court in *Fix* did not analyze the presence of this final element.

What is more, it must be noted that the Plaintiffs' false advertising count seeks to recover the cost to remedy their uninhabitable garage apartment due to mold damage, lack of workmanship, and code violations. They do not cite, for example, some lost opportunity or delay suffered in locating a suitable home to purchase. In other words, the loss complained of dates to taking possession of a home which was not as advertised, not the process of locating or negotiating the purchase of that home or some other home to replace it.

This Court agrees with case law cited by Plaintiffs and finds that the statute of limitations began to run on the date the home sale went to settlement rather than the contract date. See *Glass v. Trafalgar House Property, Inc.*, 58 Va. Cir. 437 (2002). In that decision, Judge Thomas D. Horne of the Loudoun County Circuit Court explained:

> Suits predicated upon claims of false advertising accrue at the time of publication of the prohibited material with the purpose of inducing the public to enter into an obligation. . . . The act itself when coupled with some loss, however slight, would bar recovery in this case. *Richmond Redevelopment and Housing Auth. v. Laburnum Const. Corp.*, 195 Va. 827, 80 S.E.2d 574 (1954).

The Court is of the opinion that the action accrued and the statute of limitations began to run at the time the plaintiff went to settlement on the home. *Id.* at 443.

Similarly, in this case Plaintiffs did not suffer any loss until they purchased the home, and the purchase was not complete until settlement. Before settlement, Plaintiffs had an equitable interest in the property, but were not legal owners of the home. For any cause of action, their remedy prior to settlement was to simply cancel the contract and seek damages allowable under the contract. Only after the sale became complete at settlement did Plaintiffs have a right, for example, to enter into the property, make repairs, or to bring suit to seek the damages they request here.

The Court finds that the right of action accrued when Plaintiffs took legal title of the home at settlement on or about November 4, 2009. Thus, this action was filed within the two-year limitations period allowed by Va. Code § 8.01-248. Prosperity's Plea in Bar is overruled.